THE STATE OF FLORIDA, *ex rel.* J. H. WILLIAMS, PLAINTIFF, vs. W. D. BLOXHAM, COMPTROLLER OF THE STATE OF FLORIDA DEFENDANT.

Proceedings by mandamus begun against the State Comptroller to compel him to audit and draw a warrant upon the State Treasury to pay an account claimed by relator against the state, will be dismissed where the term of office of the official expires before final decision and his successor in office is not made a party defendant or notified to defend the proceedings.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*M. C. Jordan,* for Plaintiff.

CARTER, J.:

This is an original proceeding by mandamus to compel defendant to audit and draw his warrant upon the State treasury to pay an amount claimed by relator to be due him as a court stenographer for services rendered during the trial of two criminal cases at the Fall

term, 1894, of the Circuit Court of Duval county, under appointment of the judge of said court, made in accordance with the statute. The defendant's return to the alternative writ was filed December 10th, 1895. Relator moved to quash the return and for a peremptory writ, and to advance the cause for final hearing. The motion to advance was denied, and the cause is now reached for hearing upon regular call of the docket.

We judicially know that the term of office of the Hon. William D. Bloxham, as Comptroller, expired in January, 1897, and that he is and has been since said date the Governor of this State. The duties sought to be enforced by this proceeding appertain to the office of Comptroller, and under the law no individual or official or other than the incumbent of that office has any authority or power to perform them. The power of the defendant to audit relator's claim and to draw a warrant therefor upon the State treasury has ceased to exist and devolves upon his successor in office who has not been made a party to these proceedings or notified of their pendency in this court, so far as we are advised. A peremptory writ against the defendant would not only require him to perform an act which it is no longer his province or duty to perform, but which if performed by him would be wholly illegal and nugatory. The proceeding can not be regarded in any sense as a suit against the State, because the State can not in our courts be sued by an individual. The proceeding, is therefore, either a personal one against the defendant as an individual to compel him to perform a personal duty devolving upon him because of his official position, or it is one against the official which appertains to the office of Comtroller, regardless of the person who actually occu-

pies it.  In either event the, result must be the same, for in the one case the power of the defendant to perform the required duty, and in the other his power to represent the office or official sought to be coerced in this litigation, has ceased to exist, by reason of the expiration of his term of office. If we should direct the writ to the defendant he would be without power to do the act commanded, and if we should direct it to his successor in office the latter could properly complain that he had been commanded without an opportunity to be heard, and that an administrative office of the executive department of the government had been coerced upon a defence made by one whose power to represent such office had ceased. In State *ex rel.* Patton v. Bloxham, Comptroller, 33 Fla. 482, 15 South. Rep. 227, the proceedings were begun against Comptroller Barnes, but by agreement they were continued against his successor who approved the official acts of his predecessor brought in question and adopted the return filed by him, but no such agreement has been entered into in this case.  The present Comptroller not being a party to these proceedings or representing the defence thereof, and there being no application to make him a party or to require him to defend, we can do nothing but dismiss the suit.  Warner Valley Stock Co. v. Smith, 165 U. S. 28, 17 Sup. Ct. Rep. 225; Fox v. Trinidad Waterworks Co., 7 Colo. App. 401, 43 Pac. Rep. 1051; State v. Gutherie, 17 Neb. 113, 22 N. W. Rep. 77, and authorities cited therein. We do not mean to decide that the suit finally abates by the expiration of the term of office of a defendant State official in mandamus proceedings, and that the proceedings can not be continued as against his successor upon notice to him, as is held in some of the cases cited, for that question is not now involved; nor do we by this de-

cision come in conflict with anything decided in County Commissioners of Columbia County v. Bryson, 13 Fla. 281, and State *ex rel.* Andreu v. Canfield, 40 Fla. 36, 23 South. Rep. 591. In the class of cases considered in those decisions the duties sought to be compelled rested upon a corporation or municipality subject to be sued, but were required to be performed by and through the intsrumentality of certain officers or agents for and on behalf of the corporation or municipality. Suits to enforce such duties, though nominally against the officers, are in reality against the corporations or municipalities, and such suits remain the same though the officials by and through whom the duties are to be performed may change. The duty is a continuing one resting upon the corporation or municipality and it may be required to perform it through any proper official. But even in those cases the defence must be conducted by those who at the time are authorized to represent the corporation or municipality, and not by those who have ceased to have that power.

The alternative writ is dismissed.