STATE, *ex rel.* E. W. JACKSON, v. CITY OF HIALEAH, a Municipal Corporation; L. H. O'QUINN, as Mayor; J. R. STRIPLING. as President of the City Council; J. R. STRIPLING, CARL AULT, TOM MAXWELL, H. A. MILANDER, C. E. BARR, A. F. FANGER and J. W. KAMINSKI, as members of and constituting the City Council; and P. E. HACKNEY, as City Clerk and as Treasurer.

177 So. 609.

Division A.

Opinion Filed December 16, 1937.

*Casey & Walton* and *Frank O. Spain,* for Plaintiff in Error;

*Martin F. Whelan, Jr.,* and *Mitchell D. Price & Charles W. Zaring,* for Defendant in Error.

TERRELL, J.—This is a proceeding in mandamus, the alternative writ alleging that the Relator is the holder of $840.00 past due interest coupons detached from certain bonds issued by the Respondent, City of Hialeah, by authority of Chapter 11516, Laws of Florida, Acts of 1925. The alternative writ also alleges that by reason of the issuance, sale, and delivery of said bonds and coupons, the Respondent levied and collected *ad valorem* taxes to pay them as they matured, that the City of Hialeah has on hand in its sinking and interest fund moneys applicable to the payment of relator's past due coupons, but the amount of said moneys was unknown to him (relator).

The alternative writ commands the Respondent City of Hialeah to draw its warrant against its funds collected for that purpose and so many of his past due coupons described in the writ as the fund on hand would permit. After the alternative writ was issued, an election was held resulting

in a change of some of the officers, so it was amended by the substitution of new parties, they being the newly elected officers of the City. A demurrer to the alternative writ as so amended was overruled and Respondents answered.

The alternative writ was issued in March, 1934, more than a year before it was amended. The answer in substance alleges that in September, 1935, an election was held in the city resulting in the election of new councilmen, a new city clerk, a new city treasurer, and a new city auditor, all of whom took office immediately after their election, that at that time there was on hand in the city treasury to the credit of its General Fund, the sum of $837.10, that Respondents could not tell what part of said fund was collected for the payment of debts nor could they tell how much of it was in the city treasury when the alternative writ was issued. The answer further alleges that Respondents were restrained by Court order from assessing any taxes for the calendar years beginning January 1, 1933, 1934 and 1935, that there was an alternative writ issued against them in April, 1933, in another proceeding wherein $6,530.00 was sought to be recovered from Respondents for reasons not essential to relate and that the Relator in said suit was an indispensable party to this proceeding. The answer alleges that other suits and proceeding are pending against Relator and that the parties therein should be made parties defendant to this proceeding.

The Relator filed his motion for peremptory writ of mandamus notwithstanding the answer or return. Such motion was denied and final judgment was entered, to which Relator took the instant writ of error.

The first question with which we are confronted is whether or not a mandamus directed to the Mayor, City Councilmen, Clerk, and Treasurer of a municipality commanding them to pay over city funds in their official ca-

pacity abates by reason of the defeat, resignation, or retirement from office of a majority of the council, the mayor, the city clerk, and the city treasurer.

This question must be answered in the negative. It may be that such actions abate so far as the individual officers against whom they are directed are concerned, but they are brought against said officers as such rather than against them as individuals, they are intended to operate against them officially and their official positions being permanent, the fact that the occupant of the office changes does not affect the fact that the duty sought to be coerced has not been performed. County Commissioners of Columbia County v. Bryson, 13 Fla. 281; State, *ex rel.* Andreu, *et al.*, v. Canfield, *et al.*, City Council, 40 Fla. 36, 23 So. 591; State, *ex rel.* Williams, v. Bloxham, 42 Fla. 501, 28 So. 762; State, *ex rel.* Crim, v. Juvenal, *et al.*, 121 Fla. 77, 163 So. 573; Board of County Commissioners v. Sellew, 99 U. S. 624, 25 L. Ed. 333; Thompson v. U. S., *ex rel.* Cambria Iron Co., 103 U. S. 480, 26 L. Ed. 521.

The second and third questions urged may be combined and stated as follows: Is a new official board brought into a mandamus proceeding by amendment to the alternative writ required to account only for moneys that came into its hands when it succeeded to office or may it be required to account for moneys alleged to have been in the hands of and misappropriated by its predecessors after the writ was served and before the new officers were inducted into office?

It would be the duty of the new board of officers to make a full disclosure of the moneys found in its treasury in compliance with the command of the alternative writ. If funds of its predecessors had been misapplied or misspent prior to their coming into office, this would be a question of law to be determined by the court when brought to his attention. Such allegations are insufficient as a defense to the writ.

The next question urged by Respondents as ground for failure to comply with the commands of the alternative writ in that certain third parties who are relators in other mandamus proceedings seeking to recover the funds in question should be made parties to this proceeding.

It is not shown that any lawful duties are imposed on said relators that would require their performance by the alternative writ, hence they are not required to be made parties hereto. The fact that they have claims against relators in this proceeding is no basis for making them parties, there being no showing whatever that they have a claim on the identical fund or that ample funds will not be made available to satisfy all claims asserted by them. City of Kissimmee v. State, *ex rel.* Ben Hur Life Association, 121 Fla. 151, 163 So. 473; City of Eau Gallie v. State, *ex rel.* Evans, 125 Fla. 277, 169 So. 730.

The fifth and concluding question challenges Relator's ownership of the coupons brought in question.

The alternative writ alleges that Relator is the owner, bearer, and holder of said coupons. In our view, this was sufficient and was ample predicate on which to start a proceeding for their collection. When the time arrives for their surrender, proof of ownership may be required. State, *ex rel.* Rempsen, v. Smith, 105 Fla. 368, 141 So. 318; State, *ex rel.* Ben Hur Life Association, v. Vickers, 115 Fla. 661, 156 So. 19.

It follows that the judgment below must be and is hereby reversed.

Reversed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.