STATE OF FLORIDA ex rel. E. C. CURLEY v. R. A. McGEACHY, Circuit Judge of the First Judicial Circuit in and for Walton County, Florida, J. EDWIN HOLSBERRY, State Attorney of said Circuit and R. E. Gatlin, Sheriff of Walton County.

6 So. (2nd) 823                                     En Banc
March 3, 1942                 Rehearing Denied March 27, 1942

634

Wm. W. Flournoy, for relator.

J. Tom Watson, Attorney General, Kenneth Ballinger, & Woodrow Melvin, Special Assistant Attorneys General, for defendants.

BUFORD, J.:

This is an original proceeding in mandamus.

Alternative writ of mandamus was issued herein on the 26th day of January, 1942, directed to the above named officers. The command of the writ is:

"Now, Therefore, These are to command you and each of you as follows, to-wit: that you, Judge R. A. McGeachy, Circuit Judge of the First Judicial Circuit, in and for Walton County, Florida, do forthwith render your order and judgment in and for said Circuit Court that the commitment of the relator by the County Judge of Walton County, Florida, on October 20, 1941, to appear at the then next term of said Circuit Court on January 12, 1942, be cancelled and the prosecution thereon be discontinued and the relator, as the defendant therein, be discharged therefrom, and that the sureties on the bail bond in the sum of $500.00 be also discharged, and that R. E. Gatlin, Sheriff of Walton County, Florida, do forthwith return to the relator, or to his attorney of record, the sum of $500.00 which the relator and his sureties deposited with said Sheriff as and for his bail bond in said cause or, in the alternative, that you and each of you in your said respective capacities in which you are herein named and joined, do show cause, if any, you have, before this Court on the 5th day of February, at 9:30 o'clock A. M., Eastern Standard Time, A. D. 1942, why peremptory writ of mandamus should not issue herein, and have you then and there this writ."

The allegations of the alternative writ are voluminous but the gist thereof is that relator on the 20th day of July, 1941, was charged by affidavit in the County Judge's Court in and for Walton County, Florida, as follows:

"Before me, the County Judge in and for said County, personally came E. Pat Dunning, who being duly sworn says that on the 30th day of July A. D. 1941, in the county aforesaid, one E. C. Curley did then and there engage in the practice of the healing art, that is to say, he did then and there in the County and State aforesaid hold himself out to treat, diagnose, cure, relieve, adjust, palliate and correct human diseases, ailments, deformities, injuries and other unhealthy and abnormal physical and mental conditions, without having first obtained a license or certificate allowing him to practice the healing art as aforesaid.

"2. Affiant aforesaid under oath aforesaid further deposes and says that in the County of Walton, State of Florida, one E. C. Curley did then engage in the practice of medicine without first having obtained a license allowing him to engage in such practice.

"Contrary to the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

That on preliminary hearing had before the County Judge on the 16th day of October, 1941, an order was entered discharging the accused but later, without further complaint being filed, the County Judge on the 20th day of October, 1941, entered his order as follows:

"This cause being before the Court in preliminary hearing October 16, 1941, held upon application of

the defendant, E. C. Curley, and the court having heard the testimony of the witnesses and the argument of counsel and having considered same and it appearing to the court that there is probable cause to believe that the defendant E. C. Curley has in Walton County, Florida, engaged in the practice of medicine as defined in Sec. 7704 (r) C.G.L. 1927, without being lawfully licensed and authorized to engage in said practice, it is therefore:

Considered, ordered and adjudged that the defendant E. C. Curley be and he is hereby held and bound under a bond in the sum of $500.00 to be and appear before the next ensuing term of Circuit Court in and for Walton County, Florida, to answer the State of Florida on a charge of practicing medicine without being lawfully licensed and authorized to engage in such practice."

It is shown that relator, through his counsel, notified the State Attorney prior to the convening of the then next ensuing term of the Circuit Court that relator as defendant would demand a trial at such term of court, but that the state attorney, though being familiar with the case from its inception, filed no information against the relator and that though a grand jury was convened on the first day of the said term of the said court on January 12, 1942, and considered such matters as were given it in charge, it adjourned and was discharged by the court without having made any presentment against relator. The allegations show that all during the said term of the said court the relator was present in person and by counsel demanding of the court and the state attorney that the charge, if any, against the relator be disposed of at that term of the court, but the state attorney

failed and refused to file any information against the relator and the Circuit Judge failed and refused to require any charge to be filed against relator.

On the last day of that term of the Circuit Court relator filed his motion showing the existence of facts as alleged, supra, and moved the court to require the filing of an information and to accord the relator a trial thereon or to discharge relator, which motion was denied.

The record here shows that when that motion was presented, the following occurred:

"The Court: The Court denies the motion by virtue of Section 194 of the Criminal Code of the State of Florida.

"Mr. Flournoy: Do I understand that the court denies the motion without any showing made, or attempted to be made, as to why he didn't file an indictment or information at this term of court?

The Court: Yes, sir. As I construe that section, he has three regular terms of court in which to determine whether or not he wants to file it. In fact, that section doesn't say anything about the State Attorney giving any reason for not doing that.

"Mr. Flournoy: I understand it is conceded by the Court that the State Attorney makes no reason as to why he has not filed, or why he didn't have the grand jury at this session of court file an indictment, or why he himself did not file an information against E. C. Curley, who was committed, as I have stated, by the County Judge,—is that true?

"The Court: I don't know why,—he didn't state anything to me,—he may have a reason.

"Mr. Holsberry: I was relying on that Section 194.

"Mr. Flournoy: Am I given to understand by the State Attorney and the Court that the State Attorney is not required to give any reason why he doesn't file the indictment or the information, or any excuse?

"The Court: That's my construction of that statute, that he doesn't have to give any reason for it, especially on the last day of the term, this motion being filed on the very last day of the term of the court, when we are starting to adjourn. Under those circumstances, I wouldn't think he would be required to give his reason.

"Mr. Flournoy: What do you mean by the motion being filed on the last day of the term? You mean finally presented to you? You will concede that I have mentioned to you and to the State Attorney that we were insistent that this matter be presented at this term of court and that an indictment or information be filed?

"The Court: You've been talking to me about it, and so has the public down on the streets, one or two of his patients, but there's been nothing before me to pass on, and I couldn't pass on it till it was brought before me.

"Mr. Flournoy: You recall last Friday I stated to you, before the State Attorney, that I insisted on him disposing of this matter at this term of court?

"The Court: Yes sir, you've said it two or three times.

"Mr. Flournoy: I at that time again told you I had called him Thursday night over the phone and also Monday morning, January 12, 1942, at which time after the call of the criminal docket with the State Attorney present you stated that the criminal

cases would be heard first, and that we would take this up when it was presented,—isn't that correct?

"The Court: When it was presented,—yes.

"Mr. Flournoy: And I then again stated to you and the State Attorney both, that we would insist on him filing the information or indictment at this term of court?

"The Court: Yes sir."

Section 194 Fla. Criminal Procedure Act provides as follows:

"Speedy trial, reduction of bail and discharge of prisoner.— (1) when a person has been committed to custody to answer any criminal charge, and shall apply to the court on the first day of the term to which he has been committed, that he desires to be brought to his trial before the end of the term, and shall not be indicted or informed against at that term (unless it appear to the satisfaction of the court that the witnesses could not be procured), the court shall set him at liberty upon his giving bail in a reasonable penalty to appear at the next term. If the person in custody be not indicted or informed against in the second term (unless the attendance of witnesses is prevented by himself), he shall be discharged from imprisonment; and if he is not tried at or before the third term after the date he is first committed, he shall be forever discharged from the crime.

" (2) When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime, provided, however, the attendance of the

witnesses is not prevented by himself, and he has filed no pleading seeking a continuance."

Section 4 of the Declaration of Rights in our Constitution provides:

"All courts in this State shall be open, so that every person for an injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay."

Section 11 of that document provides:

"In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed, and shall be heard by himself, or counsel, or both, to demand the nature and cause of the accusation against him, to meet the witnesses against him face to face, and have compulsory process for the attendance of witnesses in his favor, and shall be furnished with a copy of the indictment against him."

Neither of the above quoted provisions of the Declaration of Rights is sufficient to warrant us in holding that unless an accused is granted a trial at the ensuing term of the court subsequent to his being charged with a criminal offense he is entitled to be discharged unless good cause be shown for postponement of such action. See Ex Parte Warris, 28 Fla. 371, 9 Sou. 718; Griswold v. State, 77 Fla. 505, 82 Sou. 44; State ex rel. Preston Gayle v. Dowling, 91 Fla. 236, 107 Sou. 267.

The provisions of the Constitution will always prevail over statutes where there is conflict between the two, but we find no necessary conflict between the statutory provisions and the constitutional provisions above quoted. In fact, the statute is merely declaratory of the rights guaranteed under the constitutional

provisions. If the accused is not guaranteed the absolute right under the Constitution to be tried at the next term of the court having jurisdiction of the cause subsequent to the filing of an accusation against him, then whether or not he shall be so tried is a matter which must necessarily rest in the sound discretion of the trial court and the statute does not affect that discretion being exercised by the trial court during the first term of the court to which the accused has been required to appear except to provide that if no information or indictment be filed the accused *shall be released* on bail. The statute, does limit the discretion of the court, however, as to what action should be taken after such first term of the court. It was, therefore, within the power and discretion of the Circuit Court either to require the state attorney to file an information against the accused or to suffer his discharge from custody or, on failure of the state attorney to file information, to require the accused to give bond for his appearance at the next ensuing term of court. It is elementary that mandamus may not be resorted to to compel the performance of a discretionary duty.

We may also observe that the accused, through his counsel, did not comply with the terms of the statute, viz: he did not apply to the court on the first day of the term to which he was committed for a trial at that term of the court, although he did notify the state attorney that such was his desire, and did upon several occasions during the term of the court make it known to the court that he was ready, willing and anxious for a trial at that term.

Whether or not the bond of the accused was discharged when he appeared at the term of the court

as required by that bond we are not in this proceeding called upon to determine. Nor is it proper for us now to express any opinion as to the state attorney's conduct in failing to file an information, or, in absence of so doing to move the discharge of the defendant. We are dealing here only with the order of court denying motion to discharge. If the court erred in that order it was an error in the exercise of judicial discretion and we cannot say that it is so clearly made to appear that the order of discharge should be granted as to warrant this court in exercising its power in mandamus to now compel the entry of such an order.

The motion for peremptory writ is denied and the alternative writ is quashed with leave to relator, if he may be so advised, to amend the command of the alternative writ in such manner as to require the respondent J. Edwin Holsberry as state attorney to within ten days file in the Circuit Court of Walton County, Florida, a good and sufficient information charging relator with such criminal offense as the evidence may justify, or, in default thereof, to file and present his motion to the Circuit Court praying the discharge of relator because of lack of sufficient evidence to warrant prosecution or to show cause unto this Court why he should not do so.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, and ADAMS, JJ., concurring.

THOMAS, J., dissents.

I disagree having the conviction that the motion for peremptory writ should be denied without qualifications.