99 So.2d 555 (1957)
Alton LOY, Petitioner,
v.
L.A. GRAYSON, as Judge of the Criminal Court of Record of Hillsborough County, Florida, Respondent.
Supreme Court of Florida.
September 25, 1957.
Rehearing Denied November 5, 1957.
Paul Lake, Tampa, for petitioner.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
DREW, Justice.
Asserting that more than twenty-five terms of the Criminal Court of Record of Hillsborough County had occurred since he was informed against for grand larceny and released upon bond, the petitioner moved the trial court to quash the information against him and discharge him from custody for the reason that such long delay in calling his case for trial amounted to a deprivation of his constitutional right under Sec. 11 of the Declaration of Rights of the Constitution of Florida, F.S.A., to a speedy trial. The trial court denied said motion.
On Suggestion for Writ of Prohibition filed in this Court (as authority for such procedure, see Dickoff v. Dewell, 1942, 152 Fla. 240, 9 So.2d 804) rule nisi was issued and the matter again comes before us on the State's return and motion to quash.
The record does not show the exact date of petitioner's arrest and release upon bond, but it does show that he has been under bond in the cause since June, 1952. The information was filed on June 18, 1952 and the cause was thereafter passed from term to term until April 6, 1953, when it was placed on the "absentee docket" at the request of the prosecutor. (The deputy clerk, who testified, stated that the "absentee docket" is a docket "upon which cases are placed that are not to be called *556 each and every term that, for reasons not known to the Clerk, the Solicitor doesn't want to prosecute.") The petitioner's attorney, who was not present when the cause was placed on the absentee docket, never made any objection to such action. In the October term of 1956 the cause was set for trial for November 1, 1956. On October 18, 1956, petitioner filed a motion (previously mentioned) to quash the information, which was denied. On November 1, 1956, a continuance was allowed upon petitioner's request.
The record does not show that the petitioner prevented the attendance of witnesses or that he filed a pleading seeking a continuance until after the cause was first called for trial on November 1, 1956. (The continuance was requested by petitioner at this time because of the illness of his attorney.) The petitioner at all times has been within the jurisdiction, under bond and ready to appear for trial; but at no time has demanded trial. The prosecutor filed no motions for continuance.
There are six terms of court of the Criminal Court of Record in Hillsborough County: the first Monday in February, the first Monday in April, second Monday in June, first Monday in August, first Monday in October, and the fourth Monday in November. Article V, Sec. 26, Florida Constitution;[1] Sec. 32.03, Florida Statutes, F.S.A. From this it can be calculated that over twenty-five terms of court passed between the date of first commitment and the call to trial on November 1, 1956.
We said in State ex rel. Curley v. McGeachy, 1942, 149 Fla. 633, 641, 6 So.2d 823, 827, that Sec. 915.01 "* * * is merely declaratory of the rights guaranteed under the constitutional provisions." Sec. 915.01(2), Florida Statutes, F.S.A., provides:
"When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial on or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleadings seeking a continuance."
In Kelly v. State ex rel. Morgan, Fla. 1951, 54 So.2d 431, we held that the constitutional right of any defendant to a speedy trial did not come into effect until a request to be tried had been made by him:
"Silence on the part of the accused will not activate the statute. [Sec. 915.01(1)] If he desires a speedy trial he must ask for it, otherwise it will not be afforded him." 54 So.2d 432.
In the recent case of State v. Williams, Fla. 1954, 73 So.2d 295, the defendant was informed against for unarmed robbery and the case was set for trial March 12, 1953. At that time it was continued to the April term of the court on the motion of the state. On April 12th the cause was set for May 6th but continued to the June term on the motion of the state. June 16th the case was set for July 6th but was passed to July 21st on the motion of the state and on July 21st it was passed to July 22nd and it was continued to the August term on the state's motion and set for trial August 18th. On the 25th of August the defendant secured a writ of habeas corpus discharging him from custody for the reason that he had not received the speedy trial guaranteed by the Constitution. In reversing that decision we held that his failure to object to the continuances requested by the state must be treated as a waiver and that his action was not a compliance with the provisions of Sec. 915.01(1). The Legislature, by the *557 enactment of Sec. 915.01 aforesaid, has provided the yardstick for determining the circumstances under which an accused may be discharged for a violation of this constitutional guarantee. The effect of our decisions with reference to this statute is to approve the yardstick so applied. Its provisions apply with equal fairness to the accused and to the state and is not unduly restrictive of the constitutional guarantee to the accused.
The petitioner asserts that to allow prosecution to continue in his case would be to allow circumvention of Sec. 932.05, Florida Statutes, F.S.A. (two year limitation on prosecutions for crimes less than capital); but that statute does not apply here. It controls the time for commencement of prosecution, and the applicable rule in Florida is that filing of an information marks commencement of prosecution. State ex rel. Silverman v. Coleman, 1939, 139 Fla. 656, 190 So. 811; Lowe v. State, 1944, 154 Fla. 730, 19 So.2d 106; State ex rel. Melson v. Peeler, 1933, 107 Fla. 615, 146 So. 188, 90 A.L.R. 447. Since the information in the case at bar was filed on June 18, 1952, alleging a crime committed on May 4, 1952, the statutory requirements have been met
The contention of the petitioner that the action should be abated under the provisions of Sec. 45.19, Florida Statutes, F.S.A., providing for the abatement of all actions at law and suits in equity that have not been affirmatively prosecuted for a period of one year has also been examined by us but we find it to be without merit since the statute is not applicable to criminal prosecutions.
The motion to quash the writ is granted and the rule nisi in prohibition is discharged.
THOMAS, Acting Chief Justice, and ROBERTS, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] Now F.S.A.Const. art. 5, § 9.