PER CURIAM.
On this appeal from a summary denial of his motion for relief pursuant to Rule I, F.S.A. ch. 924 Appendix the defendant alleges that he was informed against in 1949 and tried in 1959. During the interim he had been incarcerated upon other convictions. It is his position now that by the delay he was denied a speedy trial as guaranteed by the Constitution of the State of Florida. We hold that the trial court correctly determined that these allegations did not constitute a basis for relief under the rule because the record conclusively shows that the appellant failed to take advantage of § 915.02 Fla.Stat., F.S.A.[1] by requesting trial. Under the law in this State as enunciated in Loy v. Grayson, Fla.1957, 99 So. 2d 555, and Marti v. State, Fla.App. 1964, 163 So.2d 506, the lapse of time between the filing of an information and the trial on the charges included therein does not render his subsequent conviction subject to collateral attack.
*59 Appellant also urges that the court erred in refusing his individually employed counsel time to prepare for trial. This ground is refuted by the record which fails to show a motion for continuance by the individually employed counsel.
Affirmed.

. Section 915.02 Fla.Stat., F.S.A. provides:
“Speedy trial for persons serving terms of imprisonment. — Any person serving a sentence or sentences of imprisonment for crime in this state who has a charge of crime pending against Mm in this state and who, while imprisoned under such sentence or sentences, files in the court having jurisdiction to try said charge, on or within thirty days before the first day of each of three successive terms thereof, a written demand for trial, serving a copy upon the prosecuting attorney, and who is not brought to trial by the end of the third of such terms, shall be forever discharged from the said crime; provided that the attendance of the witnesses is not prevented by him; provided that any term of court during which a continuance has been granted for good cause shown to either the accused or the state shall not be counted in computing the three terms.”