195 So.2d 865 (1967)
Tommy W. GOSSETT, a/k/a Thomas W. Gossett, Petitioner,
v.
Edward J. HANLON, Jr., Judge of the Criminal Court of Record, Division a, Orange County, Florida, Respondent.
No. 1122.
District Court of Appeal of Florida. Fourth District.
February 13, 1967.
Rehearing Denied March 8, 1967.
*866 James M. Russ and George L. Clapham, Orlando, for petitioner.
Earl Faircloth, Atty. Gen., Tallahassee, and James T. Carlisle, Asst. Atty. Gen., Vero Beach, for respondent.
CROSS, Judge.
This is an original proceeding instituted by petitioner for a writ of mandamus directing the respondent, Honorable Richard H. Cooper, Judge of the Criminal Court of Record for Orange County, Florida, and his successors in office, to dismiss a criminal prosecution charge against the petitioner, Tommy W. Gossett, a/k/a Thomas W. Gossett.
We issued the alternative writ commanding the respondent to dismiss the charge with prejudice or to show cause why a peremptory writ should not issue. Following the issuance of the alternative writ and the response by the Honorable Richard H. Cooper, he resigned from office and has been succeeded by the Honorable Edward J. Hanlon, Jr.
The first question confronting us is whether or not the mandamus proceeding abates by reason of the resignation. This question must be answered in the negative. Such action may abate so far as the individual officer against whom it is directed is concerned, but it is brought against the officer as such rather than against him as an *867 individual. It is intended to operate against him officially, and, his official position being permanent, his successor is substituted as a party; the fact that the occupant of the office changes does not affect the fact that the duties involved have not been performed. A careful search does not reveal that the courts of this state have ruled on the precise question presented here. However, it has been held in mandamus proceedings against municipal officers that there is no abatement because of a change in the occupant of the office. State ex rel. Jackson v. City of Hialeah, 1937, 130 Fla. 370, 177 So. 609. The matter is now before us for a peremptory writ notwithstanding the return.
The petitioner was arrested in Orange County, Florida, on January 14, 1966, on the charge of murder in the first degree and was held in jail without bail until on or about February 1, 1966, at which time bail was set on this charge by a justice of the peace. The petitioner then obtained his release from custody through the posting of a bail bond which was returnable before the committing magistrate.
At a preliminary hearing later held before the committing magistrate on the charge contained in said coroner's warrant the committing magistrate found that probable cause had been shown to support the charge of the less included offense of murder in the second degree. He bound the petitioner over to the Criminal Court of Record for Orange County for trial with bail being set and returnable before the trial court. Petitioner remained on bail, and no indictment or information has yet been filed against petitioner charging him with this crime.
Following petitioner's release from custody on bail he filed with the trial court written demands for speedy trial for three successive terms of court and served copies of each demand upon the county solicitor as prosecuting attorney for the trial court.
The petitioner was not brought to trial at or before the third full term of the trial court, and he filed a motion for dismissal of prosecution based upon his claimed denial of a speedy trial. Attendance of witnesses in the cause was not prevented by the petitioner, and he did not file any pleading in the trial court seeking a continuance of the trial.
The court denied the motion for dismissal of prosecution on the grounds that the court did not acquire jurisdiction in the cause until such time as an information was filed, that no authority existed under the constitution and laws of the State of Florida for the court to order the prosecuting attorney to file an information and that until an information was filed the court could not set the matter for trial.
Petitioner contends that a person accused of crime is constitutionally guaranteed a speedy trial. Section 11 of the Declaration of Rights, Florida Constitution, F.S.A.; Sixth and Fourteenth Amendments, United States Constitution. Petitioner further contends that this constitutional guarantee has been given legislative definition and clarification through the enactment of Chapter 915, Florida Statutes Annotated.
F.S.A. § 915.01, entitled "Speedy trial; reduction of bail; discharge of prisoner." in sections (1) and (2) provides:
"(1) When a person has been committed to custody to answer any criminal charge, and shall apply to the court on the first day of the term to which he has been committed, that he desires to be brought to his trial before the end of the term, and shall not be indicted or informed against at that term, unless it appear to the satisfaction of the court that the witnesses could not be procured, the court shall set him at liberty upon his giving bail in a reasonable penalty to appear at the next term. If the person in custody be not indicted or informed against in the second term, unless the attendance of witnesses is prevented by himself, he shall be discharged from imprisonment; and if he is not tried at or before the third term after the date he is first committed, he shall be forever discharged from the crime

*868 "(2) When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance."
In reading section 915.01, supra, in pari materia it is obvious that section 915.01 (1) states clearly that relief provided the accused is to be granted by affirmative action of the court rather than by automatic operation of law.
Section 915.01(2) is a legislative determination of the maximum delay in the trial which may be imposed upon one charged with a criminal offense where such delay is brought about without any fault or affirmative action on the part of the accused and is permitted to occur over his protest. Feger v. Fish, 1932, 106 Fla. 564, 143 So. 605. See also State ex rel. Curley v. McGeachy, 1942, 149 Fla. 633, 6 So.2d 823; Kelly v. State, Fla. 1951, 54 So.2d 431; Loy v. Grayson, Fla. 1957, 99 So.2d 555.
The legal right of the accused that "he shall be forever discharged from the crime" is reduced to a nullity if unenforceable before the trial court for lack of jurisdiction. Certainly, it was not the intention of the legislature to grant a legal right and then to afford no method of obtaining that legal right. No one shall be subject to imprisonment beyond what shall be necessary to the protection of society. Griswold v. State, 1919, 77 Fla. 505, 82 So. 44.
The statute of limitations has been tolled by the issuance of the coroner's warrant for service. See State v. Emanuel, Fla.App. 1963, 153 So.2d 839. The petitioner remains a criminal accused, restricted by the limitations of his bail, faced with the oppressive burden of defending a trial that may come, if at all, at some far-off date, his right to a speedy trial denied without any realistic relief. This is not the intent of the statute as we interpret it. In State ex rel. Curley v. McGeachy, supra, the Florida Supreme Court entertained an original mandamus proceeding and, upon proper amendment, indicated it would order the prosecuting attorney to either commence the prosecution through the filing of an information, dismiss the prosecution in the trial court, or show cause why he had not done so. Trial courts have been prohibited from proceeding with the criminal prosecution upon failure to provide a speedy trial. See Feger v. Fish, supra, and Dickoff v. Dewell, 1942, 152 Fla. 240, 9 So.2d 804, where no application for discharge was made to the trial court but, instead, original prohibition proceedings were brought in the appellate court. In Feger v. Fish, supra, the Supreme Court directed the trial court to enter an order of discharge. Dickoff v. Dewell, supra, discharged the defendant in the appellate decision. F.S.A. § 915.01 has a distinct purpose of providing the individual, after he has been arrested and accused, with affirmative relief of discharge where the state does not follow up the accusation with a trial. The state cannot arrest an accused in haste and then prosecute the case at its leisure. An individual cannot be placed in the demoralizing position of being an untried accused for an interminable period of time. The trial court's refusal to discharge the petitioner by denial of his motion has placed the petitioner in a legal limbo and made the duration of his accused state controlled solely by the whim and caprice of the county solicitor. Mandamus is an appropriate remedy to compel a trial court to dismiss a criminal prosecution and will lie for such purposes where, without sufficient excuse, the case is not brought to trial within the time prescribed by law. 35 Am.Jur., Mandamus, § 294. See also Annotation, 58 A.L.R. 1510 (1929).
After an accused is held to answer by a committing magistrate and prior to the filing *869 of an information the trial court has authority to rule on bail questions (F.S.A. §§ 903.02, 903.04, and 903.19), production and impoundment of evidence (F.S.A. §§ 903.03 and 925.04), the present mental state of the accused (F.S.A. § 917.01), and has authority to direct a prosecuting attorney to file an information where the accused indicates a desire to enter a plea of guilty. F.S.A. § 909.14.
F.S.A. § 915.01 confers jurisdiction upon a trial judge through the exercise of his general jurisdiction to validly act prior to the filing of an information so as to protect the right of an accused to a speedy trial. A speedy trial is a legal and constitutional right that is not in anyway dependent upon the decision of a prosecuting attorney to file an information.
Respondent suggests by way of argument that the petitioner may remove himself from the position of being a criminal accused, restricted by the limitation of his bail, by filing in the justice of the peace court a motion to quash the coroner's warrant. It is obvious that the petitioner cannot seek this relief from the committing magistrate who terminated his jurisdiction upon the entry of an order binding the petitioner over to the criminal court to await trial.
The petitioner's rights can only become a reality through the issuance by this court of its peremptory writ of mandamus.
For the reasons stated the peremptory writ of mandamus is issued notwithstanding the return with directions that the accused be discharged from the prosecution.
It is so ordered.
ANDREWS, J., concurs.
WALDEN, Chief Judge (concurring).
I agree to the conclusion that petitioner is entitled to relief under the terms of F.S.A. § 915.01(2).
However, I would decline under the circumstances, and as a matter of respect, to issue the formal writ. Such peremptory writ of mandamus follows this opinion and actually commands respondent, a judge of one of Florida's courts of record who is bound by the same strong cords of obligation as are other judicial officers, to obey and give heed to our judgment. I would prefer to assume, with every confidence of being correct, that this would be an unnecessary step. See State ex rel. Gaines Construction Co. v. Pearson, Fla. 1963, 154 So.2d 833; State ex rel. Tobin v. Holt, Fla. App. 1960, 117 So.2d 428; State ex rel. Willard v. Harrison, 1938, 133 Fla. 169, 183 So. 464; State ex rel. Hillman v. Hutchins, 1935, 118 Fla. 220, 158 So. 716. See also 2 Maloy, Fla. Appellate Prac. & Proc., § 38.08.