PER CURIAM.
The appellant was informed against, tried and convicted of the crime of buying, receiving or concealing stolen property, and sentenced to confinement for a period of five years. The contentions presented on his appeal have been considered in the light of the record, briefs and argument and are found to be without merit.
The incarceration of the defendant on this and other charges for a considerable period before trial furnishes no basis for reversal of the judgment. The defendant was represented by counsel, and there is no showing that the period of his incarceration before trial operated to prejudice his defense of the cause. Loy v. Grayson, Fla.1957, 99 So.2d 555; Kemp v. State, Fla.App.1965, 177 So.2d 58. The trial court properly denied the defendant’s motion to suppress the evidence of stolen property, obtained by police at the time of and following the arrest. When the defendant was stopped by police and placed under arrest for observed traffic violations, the arresting officer directed his flashlight into the automobile which defendant had been driv *762 ing and observed furs on tlie rear seat. .The items were found to be stolen property and the defendant was charged as above stated. • Joyner v. State, 157 Fla. 874, 27 So.2d 349; State v. Simmons, Fla.1956, 85 So.2d 879.
We have considered, and rej ected as lacking in merit, the further contention of the appellant that certain admissions voluntarily made by him to the police were improperly received in evidence. See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.
Affirmed.