CROSS, Judge.
This is an original proceeding instituted by the petitioner, State of Florida, ex rel. James A. Johnson, seeking a Writ of Mandamus directing the respondent, The Honorable Warren H. Edwards, as Judge of the Criminal Court of Record in and for Orange County, Florida, to dismiss a criminal prosecution charge of perjury against the petitioner, James A. Johnson, asserting as reason therefor that the petitioner had filed three written demands for trial during three consecutive terms of the court pursuant to Section 915.01(2), F.S. 1967, F.S.A.
Finding that the petitioner had made a prima facie case, we issued the alternate writ commanding the respondent to dismiss with prejudice the action described in the said petition, or in the alternative, to show cause before this court why a peremptory writ of mandamus should not issue. Following the issuance of the alternate writ, the respondent, The Honorable Warren H. Edwards, filed his response to order to show cause.
The matter is now before us for a peremptory writ.
On June 27, 1966, an information was filed in the Criminal Court of Record of Hillsborough County, Florida, charging the petitioner with the crime of perjury committed on June 20, 1966. The petitioner was released on bail.
On September 28, 1967, the petitioner filed demand for trial during the October 1967 term of the Hillsborough County Criminal Court. The October term for *452 that court commenced October 2, 1967. The defendant was not tried during the October term.
On November 15, 1967, the petitioner filed a demand for trial during the November 1967 term of the Hillsborough County Criminal Court, which term started November 27, 1967. The defendant was not tried during the November term.
Thereafter, on January 18, 1968, the petitioner filed a demand for trial during the February 1968 term of the Hillsborough County Criminal Court, which term began February 5, 1968. The defendant was not tried during the February term. The record reveals that during the February term the petitioner filed the following motions for the court’s determination. On February 6, 1968, the petitioner filed motion for change of venue with affidavits in support thereof. On February 14, 1968, the petitioner filed supplementary motion to dismiss and motion to strike. Defendant’s motion for change of venue was granted February 23, 1968. On that same day, the court entered its order granting continuance, stating therein that counsel stipulated and agreed it would be necessary to continue the cause for the term in the event that defendant’s motion for change of venue was granted and that the defendant would under these circumstances withdraw his last request for speedy trial without prejudice to his right to file another written request for trial at the next ensuing term in the Criminal Court of Record of Orange County, Florida.
On February 27, 1968, the defendant filed motion to amend the court’s order granting continuance, asserting that a stipulation for continuance was not entered into by the defendant or his attorney, and that an offer to stipulate was made as follows: that the defendant having filed three successive demands for trial would agree to a trial during the March term of court in Orange County, but that since the defendant had filed three successive demands for trial the defendant by agreeing to a trial date during the March term of the Orange County Criminal Court would not- waive any rights acquired under Section 915.01(2), F.S. 1967, F.S.A., and that if defendant was not tried during the March term as aforesaid, the defendant would be discharged. Defendant also asserted in his motion to amend the court’s order granting continuance that the state attorney did not accept the stipulation alluded to before, but said that he did not believe the prior demands for trial had been properly filed. The record does not reveal what disposition, if any, the court made with reference to petitioner’s motion to amend order granting continuance.
After the court granted defendant’s motion for change of venue and the cause was transferred to the Criminal Court of Record of Orange County, Florida, the defendant on March 6, 1968, filed a demand for trial during the March 1968 term of the Criminal Court of Record of Orange County, Florida, which term started March 11, 1968. The defendant was not tried in the March term.
Thereafter on May 8, 1968, the petitioner filed motion to dismiss prosecution, alleging that after the perjury information was filed the defendant for three consecutive terms of the court filed demand for trial and that defendant was not brought to trial, and finally, that the defendant filed no pleading seeking a continuance, had not prevented the attendance of witnesses, and had complied with the requirements of Section 915.01(2), F.S. 1967, F.S.A.
On July 23, 1968, The Honorable Warren H. Edwards, Judge of the Criminal Court of Record in and for Orange County, Florida, entered an order denying defendant’s motion for dismissal of prosecution. The defendant thereafter commenced this proceeding for a writ of mandamus.
Since some amount of delay is inherent in the criminal process, particu *453 larly with the expanding recognition of defendants’ pretrial rights, the delays contemplated by the speedy trial clauses of the Federal and Florida Constitutions is “unreasonable” delay. F.S. Sections 915.01 and 915.02, F.S.A., are merely declaratory of the rights guaranteed under the provisions of both the Federal Constitution and the Florida Constitution Declaration of Rights Sections 4 and 11, F.S.A. State ex rel. Curley v. McGeachy, 1942, 149 Fla. 633,. 6 So.2d 823.
In order to succeed with a speedy trial claim, the accused must show that the delay was caused by the state. Delay which is attributable to the defendant himself is clearly not a basis for a speedy trial claim. Smith v. United States, 1964, 118 U.S.App.D.C. 38, 331 F.2d 784; United States v. Doyle, 2 Cir.1965, 348 F. 2d 715 (cert. denied 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84); United States ex rel. Hanson v. Ragen, 7 Cir.1948, 166 F.2d 608 (cert.denied. 334 U.S. 849, 68 S.Ct. 1501, 92 L.Ed. 1772); United States v. Graham, 7 Cir.1961, 289 F.2d 352.
In the instant case the tactics of the defendant himself and the hearings necessitated by his motions, as well as his motion for change of venue filed by his counsel and continuance granted therewith certainly contributed substantially to the delay. Weighing all the circumstances, as we are bound to do, there is not on this record a showing of such oppression or of purposeful, vexatious or arbitrary action by the state as amounts to an unreasonable delay depriving the defendant of his constitutional rights.
Research reveals that there has been little clarification or interpretation of Section 915.01(2), F.S.1967, F.S.A.[1] The clear wording of the statute states “ * * * thereafter for three successive terms of court * ■* The logical meaning of the term “of courrt” is that court in which the case is pending.
In the instant case, information was filed against the defendant in the Criminal Court of Record for Hillsborough County. He applied for trial in the October, November and February terms of the Hillsborough County Criminal Court. In the February term he moved for change of venue; said motion was granted in the February term on February 23, 1968. Thus, upon granting defendant’s motion for change of venue, the Hillsborough County Criminal Court relinquished its jurisdiction to try the defendant. The defendant by his request for a change of venue and the continuance granted therewith set in motion the chain of events which caused the delay in his trial. In essence, the defendant prevented the state from complying with § 915.01(2).
By the court’s granting a change of venue to the Orange County Criminal Court, the defendant in order to comply with § 915.01 (2) would have to file written demand for trial pursuant to the said statute for three successive terms of court in the Orange County Criminal Court of Record. He filed only one demand for trial in the Orange County Criminal Court. This demand would not “tack on” to those demands made in the Hillsborough County Criminal Court. Any other interpretation of the above alluded to section would not be in keeping with the intent of the legislature.
For the foregoing reasons, the alternate Writ of Mandamus is discharged, and the peremptory Writ of Mandamus is denied.
REED and OWEN, JJ., concur.

. Section 915.01(2), F.S.1967, F.S.A. “When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance.”