REED, Judge.
This is an original proceeding for a writ of mandamus. The petitioner is Lewis J. Payton. The respondent is Warren H. Edwards as judge of the Criminal Court of Record for Orange County, Florida. The petition seeks an order of this court directing the respondent to dismiss a criminal proceeding against the petitioner on the ground that the petitioner has been denied his constitutional right to a speedy trial.
The petition alleges that the petitioner was arrested in Orange County, Florida, on or about 1 April 1968. The petitioner was charged by an information filed in the Criminal Court of Record for Orange County, Florida, with two counts of larceny. On or about 1 April 1968 the petitioner was released from jail on his own recognizance. Following his release from custody, the petitioner filed in the trial court four demands for a speedy trial. A demand was filed on 15 May 1968, 8 July 1968, 9 September 1968, and 11 November 1968. The pertinent terms of the Criminal Court of Record for Orange County, Florida, which commenced after the date the petitioner was released from custody commenced on 13 May 1968, 8 July 1968, 9 September 1968, and 11 November 1968. The petitioner’s case was set for trial on 6 November 1968. This was during the third full term of court after the petitioner had been released from jail. On 7 November 1968 during the voir dire examination of a juror, the assistant county solicitor representing the State of Florida referred to *823 the prosecuting witness as a “widow”. Thereupon the petitioner’s attorney moved for a mistrial which was granted. The cause was rescheduled for trial on 24 March 1969. Subsequent to the mistrial, but prior to the date set for the new trial, the petitioner filed in the trial court a motion to dismiss the prosecution on the ground that he had been denied his right to a speedy trial guaranteed by Section 11 of the Declaration of Rights of the Florida Constitution of 1885 (now Section 16 of the Declaration of Rights of the revised Florida Constitution, F.S.A.) and the Sixth Amendment of the United States Constitution. Upon the denial of this motion, the petitioner filed the present petition for a writ of mandamus.
The petitioner’s argument is that under Section 915,01(2), F.S.1967, F.S.A., the petitioner was entitled to be brought to trial at least during the third term of court following his release from custody on his own recognizance. According to the petitioner, he was not brought to trial during that term and, therefore, is entitled to a discharge.
We conclude that the defendant was brought to trial during the third term of court following his release and is not entitled to a discharge under the statute. For purposes of Section 915.01, F.S.1967, F.S.A., a mistrial is a trial within the contemplation of the statute and sets the statute running anew. Kelly v. State ex rel. Morgan, Fla.1951, 54 So.2d 431.
The petitioner attempts to distinguish Kelly v. State ex rel. Morgan, supra, on the ground that the mistrial there involved was the result of the jury’s inability to reach a decision. In the present case the mistrial, according to the petitioner, was caused by the state because its prosecutor made a prejudicial comment in the presence of the entire venire. On the basis of the record before us, we cannot accept as valid the distinction which the petitioner attempts to draw. In our opinion, if the state’s reference to the prosecuting witness as a widow had any potential for prejudicing the jurors, such potential could readily have been disspelled by an appropriate instruction from the court. It is also significant that the record contains no basis for an inference that the state attempted to induce a mistrial to avoid the effect of Section 915.01(2), F.S.1967, F.S.A. Under these circumstances, when the petitioner sought a mistrial instead of a cautionary instruction, he should not be heard to complain that the mistrial and the consequent delay were caused by the state. Cf. State ex rel. Johnson v. Edwards, Fla.App.1969, 219 So.2d 450.
For the foregoing reasons, the alternative writ of mandamus is discharged and the peremptory writ of mandamus is denied.
CROSS, C. J., and ADAMS, ALTO (Ret.), Associate Judge, concur.