CROSS, Chief Judge.
The petitioner, State of Florida, files a petition for a Writ of Certiorari to review an order discharging respondent, Jesse Morgan Williams, from criminal prosecution on a charge of attempted robbery.
On October 25, 1965, Jesse Morgan Williams was charged by information with attempted robbery (Case No. 99202-(x) ). *186 On October 18, 1966, Jesse M. Williams in Case No. 66-428(x) was found guilty by a jury of the crime of robbery, adjudged guilty by the court and sentenced to be confined at hard labor in the state prison for a term of fifty years. Upon request of respondent’s attorney, the respondent was held in the Broward County Jail pending trial of Case No. 99202-(x), which was set for February 1967. The February trial was continued.
On July 17, 1967, the respondent, through his attorney, appeared in open court and orally requested speedy trial for his client. This was done during the term of court which commenced July 10, 1967. The respondent was not tried during this term.
On October 23, 1967, counsel representing the respondent appeared in open court and again made an oral request that the respondent be afforded a speedy trial. This request was made during the term of court that commenced on October 9, 1967. The respondent was not tried during this term of court.
On January 8, 1968, the beginning of the January term, counsel for the respondent filed written request for speedy trial. The respondent was not tried during this term of court.
On April 11, 1968, the respondent filed his motion for discharge pursuant to Section 915.01, Florida Statutes, F.S.A. Hearing was held on this motion on April 17, 1968. The court granted respondent’s motion for discharge, and entered its order discharging the respondent. It is from this order that the state petitions for writ of certiorari.
The Florida Legislature has seen fit to promulgate two statutes concerned with an accused’s right to obtain dismissal of prosecution if he is not afforded a speedy trial. Sections 915.01(1),[1] 915.01(2),[2] and 915.02 [3] are different in many respects. However, their basic differences are as follows:
Section 915.01(1) concerns itself with a person who has been committed to custody to answer a criminal charge and has not been afforded a speedy trial on the partic *187 ular charge for which he was committed to custody.
Section 915.01(2) concerns itself with persons who have been arrested on a criminal charge but have been released on bond.
Section 915.02 concerns itself with a person who is serving a sentence or sentences of imprisonment for a crime in this state, who has a charge of a crime pending against him in this state. In other words, the proper construction of § 915.02 is that this section of the Florida Statute concerns itself specifically with those persons who are presently serving a sentence or sentences of imprisonment in this state and have been charged with a crime other than the crime for which they are presently serving.
Section 11 of the Declaration of Rights, Constitution of the State of Florida, F.S.A., declares that in all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury in the county where the crime was committed. Section 11 does not fix the time in which the accused is to receive a “speedy trial.” The intent of the legislature in promulgating F.S. § 915, F.S.A., was to implement the provisions of the Constitution, thereby creating by legislative determination the maximum delay in the trial which may be imposed upon one charged with a criminal offense where such delay is brought about without any fault or affirmative action on the part of the accused and is permitted to occur over his protest. Gossett v. Hanlon, Fla.App.1967, 195 So.2d 865. The statute is mandatory and does confer upon the accused an absolute right to be set at liberty unless tried within the time prescribed, except under the circumstances specified. Conversely, to avail himself of the statute, the duty lies with the accused to bring himself within its terms.
 The subsection of F.S. 915, applicable to the respondent in the instant case is § 915.02. On October 18, 1966, the respondent was found guilty of the crime of robbery by a jury and adjudged guilty by the court and sentenced to be confined at hard labor in the state prison for a term of fifty years. The fact that he may have been held in the Broward County Jail since the adjudication of the crime of robbery does not negate that the respondent at the time he sought remedy pursuant to F.S. 915, for the crime of attempted robbery, was serving a sentence of imprisonment for a crime in this state. The respondent must therefore, to avail himself of the right to be discharged, bring himself within the terms of F.S. § 915.02, F.S.A.
A review of the record reveals an absence of substantial compliance with F.S. § 915.02, F.S.A. The statute requires the person within its ambit to file written demand for trial in the court having jurisdiction to try the charge pending against the person seeking relief on or within thirty days before the first day of each of three successive terms of court.
We glean from the record that no request, except the request of January 8, 1968, was made on or within thirty days before the first day of each of three successive terms. The first oral request made on July 17, 1967, was made subsequent to the commencement of the term which started on July 10, 1967, as was the oral request made on October 23, 1967, since that term of court commenced on October 9, 1967. The written request of January 8, 1968 was the only demand made pursuant to the statute, since that term began on January 8, 1968.
Section 915.02 requires demands for trial to be written. The record reveals that there were two oral requests and only one written request. Although being mindful that in safeguarding the constitutional rights of the individual the court should look to the substance rather than the technical forms of procedure taken to invoke the protection of the law, Dickoff v. Dewell, 1942, 152 Fla. 240, 9 So.2d 804, we are *188 of the conviction that the respondent is entitled to the protection of the law when he brings himself within the terms of the statute. However, the state as well is entitled to protection from unwarranted dismissals of pending prosecutions, particularly when there is lack of substantial compliance. In the instant case the court in discharging the respondent has in fact departed from essential requirements of law.
Accordingly, certiorari is granted, the order discharging the respondent is quashed, and the cause remanded for further proceedings.
It is so ordered.
REED, J., and METZGER, JOSEPH P., Associate Judge, concur.

. F.S. 915.01 Speedy trial; reduction of bail; discharge of prisoner
(1) When a person has been committed to custody to answer any criminal charge, and shall apply to the court on the first day of the term to which he has been committed, that he desires to he brought to his trial before the end of the term, and shall not be indicted or informed against at that term, unless it appear to the satisfaction of the court that the witnesses could not be procured, the court shall set him at liberty upon his giving bail in a reasonable penalty to appear at the next term. If the person in custody be not indicted or informed against in the second term, unless the attendance of witnesses is prevented by himself, he shall be discharged from imprisonment; and if he is not tried at or before the third term after the date he is first committed, he shall be forever discharged from the crime.

. F.S. 915.01 (2) When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance.

.F.S. 915.02 Speedy trial for persons serving terms of imprisonment

Any person serving a sentence or sentences of imprisonment for crime in this state who has a charge of crime pending against him in this state and who, while imprisoned under such sentence or sentences, files in the court having jurisdiction to try said charge, on or within thirty days before the first day of each of three successive terms thereof, a written demand for trial, serving a copy upon the prosecuting attorney, and who is not brought to trial by the end of the third of such terms, shall be forever discharged from the said crime; provided that the attendance of the witnesses is not prevented by him; provided that any term of court during which a continuance has been granted for good cause shown to either the accused or the state shall not be counted in computing the three terms.