238 So.2d 313 (1970)
Everett Irwin BUTTLER, III, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-888.
District Court of Appeal of Florida, Third District.
August 4, 1970.
*314 Caidin, Rothenberg, Kogan, Kornblum & Rothenberg, Michael Hacker, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and BARKDULL and HENDRY, JJ.
PEARSON, Chief Judge.
A jury found the appellant guilty of unlawful sale of marijuana. A judgment of conviction and the imposition of sentence followed. Appellant presents us with three points: 1. He was denied due process of law because Chapter 398, Fla. Stat., F.S.A., improperly lists marijuana as a narcotic and because the state did not prove that marijuana is a narcotic; (2) The trial court erred in failing to discharge him pursuant to § 915.01(2), Fla. Stat., F.S.A. (demands for speedy trial); (3) The trial court erred in refusing to preclude the testimony of all state witnesses because their names had not been furnished to appellant pursuant to Rule 1.220(e), Florida Rules of Criminal Procedure, 33 F.S.A.
The question raised in appellant's first point has been decided adversely to appellant's position. See Borras v. State, Fla. 1969, 229 So.2d 244.
Appellant's second point does not present error because the record reveals that appellant waived his right to be tried in the third term after he had made timely demands for speedy trial within three successive terms of court. Appellant had pleaded not guilty and waived a jury trial at his arraignment. Thereafter the court set a trial date in the second term following appellant's filing of two motions for speedy trial in successive terms of court. Subsequently appellant withdrew his waiver of jury trial, thereby requiring the court to reset the trial date. The jury trial date was promptly set for an early available date and appellant entered no objection. It is clear that by withdrawing his waiver of jury trial, appellant waived his right to be tried on the date set pursuant to the waiver of jury trial. Cf. Payton v. Edwards, Fla.App. 1969, 226 So.2d 822.
The third point presented urges that the state's failure to furnish appellant with a written list of its witnesses pursuant to Rule 1.220(e), Florida Rules of Criminal Procedure, deprived appellant of his constitutionally protected right to be faced with his accusers, thereby requiring the court to preclude the state's witnesses from testifying.
The record shows that the appellant, stating he was proceeding pursuant to Rule 1.220(e), filed an offer to furnish the prosecuting attorney with the names and addresses of all witnesses appellant expected to call as defense witnesses at the trial of the cause and that the prosecuting attorney filed no written response thereto.
The trial was preceded by a hearing on appellant's motion to suppress as evidence the contraband seized. All of the witnesses who testified at the trial were presented by the state and testified at the hearing on the motion except the chemist who made the identification of the marijuana. The record shows that the report of the chemist was made available to the appellant. This hearing preceded the trial by more than two months. Thus the record affirmatively shows that appellant had knowledge of the names of all the state's witnesses prior to trial. Appellant does not assert that he was the victim of surprise. Rule 1.220(e) is not an end in itself but has the purpose of furnishing a defendant with information that will enable him to better prepare his defense; it eliminates surprise and affords a defendant time to interview witnesses. Compare People v. Raby, 40 Ill.2d 392, 240 N.E.2d 595 (1968), cert. denied 393 U.S. 1083, 89 S.Ct. 867, 21 L.Ed.2d 776; State v. Shelby, 1966, 69 Wash.2d 295, 418 P.2d 246. An error in procedure under Rule 1.220(e) does not entitle a defendant to a reversal for new trial *315 where it can be affirmatively determined that no prejudice resulted. Compare McClendon v. State, Fla. 1967, 196 So.2d 905; Newman v. State, Fla. 1967, 196 So.2d 897; Richardson v. State, Fla.App. 1970, 233 So.2d 868. Under the foregoing circumstances the trial court did not err by refusing to preclude the state's witnesses from testifying.
Affirmed.