PER CURIAM.
The defendant, who is the appellant here, was duly informed against, tried before the court without jury, and found guilty of murder in the second degree. He was sentenced to life imprisonment in the state penitentiary. This appeal is from the judgment and sentence.
There is no substantial issue as to the guilt of the appellant. Upon this appeal the point presented urges that the appellant should be granted a new trial because the state used a witness whose name was not furnished to the defendant pursuant to CrPR 1.220, 33 F.S.A. The witness, Lowell Draper, was allowed to testify over the objection of the defendant. Lowell Draper identified a photograph of the victim as a photograph of his former wife Doris Draper.
There was evidence before the trial court that the attorney for the defendant was allowed to examine and copy everything in the state prosecutor’s file on the case. But, even if by mistake the witness’ name was not included, there was no prejudicial error. There was no controversy as to the identity of the deceased. See Buttler v. State, 238 So.2d 313 (Fla.App. 1970), where this court held:
Rule 1.220(e) is not an end in itself but has the purpose of furnishing a defendand with information that will enable him to better prepare his defense; it eliminates surprise and affords a defendant time to interview witnesses. * * * An error in procedure under Rule 1.220(e) does not entitle a defendant to a reversal for new trial where it can be affirmatively determined that no prejudice resulted.” at 314.
As to the trial court’s discretion in the circumstances here presented see Rhome v. State, 222 So.2d 431 (Fla.App.1969).
Having determined that no error has been made to appear and that the proof of the guilt of the appellant was fully established, the judgment and sentence are affirmed.
Affirmed.