McNULTY, Chief Judge
(dissenting):
I am compelled to dissent. The absolute net effect of the majority opinion is that the state’s noncompliance with Rule 3.220 (a), RCrP, is reversible per se. They construe Richardson v. State [1] as promulgating what they choose to call a “prophylactic rule” requiring a reversal in every case wherein an “inquiry” is not made into all circumstances and consequences of noncompliance. If Richardson is so construed it would be more of an automatic reversal rule than a prophylactic one; and this notwithstanding a possible affirmative showing otherwise of nonprejudice. I cannot agree with the majority and, I dare say, neither can the Richardson court.
Indeed, we need only consider the following paragraph which immediately follows that portion of Richardson quoted by the majority[2] as it, in turn, quoted with approval from Ramirez v. State:[3]
“ ‘Once the court has considered all of the circumstances, it has authority to enter such order as it deems just. Rule 1.220(g) CrPR. However, in those cases where the court determines that the state’s noncompliance with the rule has not prejudiced the ability of the defendant to properly prepare for trial, we deem it essential that the circumstances establishing non-prejudice to the defendant affirmatively appear in the record. In the cases of Buttler v. State, [Fla.App., 238 So.2d 313] supra; Richardson v. *234 State, supra; and Newman v. State, Fla. 1967, 196 So.2d 897, the determination that the state’s failure (to furnish the defendant with information on witnesses) was non-prejudicial to the defendant appears to have been based upon the finding that such non-prejudice to the defendant affirmatively appeared in the record.’” (Italics ours.)
The record here affirmatively and clearly reveals that the error, if any, was harmless. The “prophylactic” hearing suggested by the majority could not therefore have, before the fact, made any differenced
Without further alluding to Richardson, and the obvious differences in the relevant and material facts of that case, vis-a-vis this one, I cannot see any substantive departure here from the rationale thereof and would affirm. The necessary, sound and practical rule requiring a showing of prejudicial error should control.

. (Fla.1971), 246 So.2d 771.

. Id. at p. 775.

.(Fla.App. 4th, 1970), 241 So.2d 744.