TERRELL, Justice.
James Williams was informed against for unarmed robbery. The case was set for trial March 12, 1953, at which time it was continued to the April term, Criminal Court of Record, Duval County. The progress docket shows that continuance granted on motion of defendant but the trial court permitted evidence to show that it was granted on motion of the State. April 12, 1953, the case was set for trial May 6, on which date it was continued to the June term on motion of the State. June 16, 1953 it was set for trial July 6, on which date it was passed to July 21, on motion of the State. On July 21, it was passed to July 22, was continued to August term of the court on motion of the State and set for trial August 18, 1953.
*296 August 25, 1953, defendant secured a writ of habeas corpus from the Circuit Court seeking an order of discharge from custody on. the theory that' he had been held in jail without trial for more than three full terms of 'the Criminal Court'of Record, contrary to Florida Statutes Section 915.01, F.S.A. On consideration of the writ the trial court entered an order of discharge and this appeal was prosecuted by the State.
The only point for determination is whether or not the order of discharge was warranted by Section 915.01(1).
The question is controlled by Section 915.01(1), Florida Statutes, F.S.A. Section 915.01(2), applies to offenders “arrested and released on bond” and has no application to appellee who was arrested or placed in jail January 20, 1953 and was informed against February 17, but made no application for trial at the February term. The terms of the Criminal Court of Record for Duval County are the Fourth Tuesday in February, April, June, August, October and December. The progress docket indicates that appellee was booked for trial on a day certain during each term before this proceeding was instituted so there was no occasion for him to make formal request for trial. Even if the state was the moving party for each continuance, there is no ■ showing that defendant objected. His failure to object under the circumstances should be treated as a waiver. This is all the more true when the statute vests in the trial court some discretion as to granting or denying continuance and there is no showing that his discretion was abused. There is showing that he did not abuse it. Kelly v. State ex rel. Morgan, Fla., 54 So.2d 431. Appellee made no attempt to comply with Section 915.01(1) and did not contest the motions of the State for continuance. It is unnecessary to discuss other grounds.
Reversed.
ROBERTS, C. J„ and SEBRING and and MATHEWS, JJ., concur.