226 So.2d 137 (1969)
Joseph F. CACCIATORE, Appellant,
v.
STATE of Florida, Appellee.
No. 68-852.
District Court of Appeal of Florida. Third District.
September 2, 1969.
Philip Carlton, Jr., and George D. Gold, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
SWANN, Judge.
The defendant below, Joseph F. Cacciatore, appeals from his conviction for the crime of breaking and entering with intent to commit grand larceny and grand larceny.
He argues that reversible error was committed during his trial in that he was denied the right to a speedy trial and the right to present witnesses who would testify in his behalf. We first discuss his claim that he was denied the right to a speedy trial.
The past and present constitutions of Florida provide for a speedy trial of defendants in criminal prosecutions. Art. I, Sec. 16, Const. 1968, F.S.A.; Declaration of Rights, Sec. 11, Const. 1885, F.S.A.
Florida also provides certain statutory procedures under which a defendant may move to obtain a speedy trial. Fla. Stat. § 915.01(2), F.S.A., provides that when [as here] a person has been arrested and released on bond,
"and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime, provided, *138 however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance."
The Supreme Court of Florida has made the following comments concerning the application of this statute in Loy v. Grayson, Fla. 1957, 99 So.2d 555, 556.
"In Kelly v. State ex rel. Morgan, Fla. 1951, 54 So.2d 431, we held that the constitutional right of any defendant to a speedy trial did not come into effect until a request to be tried had been made by him:
`Silence on the part of the accused will not activate the statute. [Sec. 915.01(1)] If he desires a speedy trial he must ask for it, otherwise it will not be afforded him.' 54 So.2d 432."
The Supreme Court of the United States in Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), has ruled that the Sixth Amendment's guaranty of an accused's right to a speedy trial was rendered applicable to the states through the due process clause of the Fourteenth Amendment and that this right must be enforced according to the same standards that protect these personal rights against federal encroachment. Florida has held accordingly that "speedy trial issues in state convictions will be measured by federal standards." Dickey v. Circuit Court, Gadsen County, Quincy, Florida, Fla. 1967, 200 So.2d 521, 527.
An examination of the federal standards surrounding the Sixth Amendment right to speedy trial leads us to the conclusion that the federal position is in accord with the Florida standard set forth in Loy v. Grayson, supra. In the United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir.1963) it was stated that:
"Federal courts, in interpreting the speedy trial provisions of the Sixth Amendment, which applies to federal prosecutions, have held that the right is personal to the defendant and is deemed waived unless promptly asserted. See United States v. Lustman, 258 F.2d 475 (2 Cir.1958), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958). Such a rule is based on the almost universal experience that delay in criminal cases is welcomed by defendants as it usually operates in their favor." Accord, Fleming v. United States, 378 F.2d 502 (1st Cir.1967); United States v. Fassoulis, 179 F. Supp. 645 (S.D.N.Y. 1959).
It is thus apparent that under both federal and Florida standards, an accused may not claim a deprivation of the right to speedy trial unless he has first timely demanded same.
The record herein does not reveal any written demands by the defendant for a speedy trial. The defendant was arraigned on March 30, 1966 and a trial date was set for June 6, 1966. On June 6, 1966, his privately retained attorney requested a continuance due to the absence of a defense witness. A trial date was ultimately set for January 23, 1967. The defendant failed to appear on that trial date and his bail bond was estreated. The estreature of the bail bond was vacated by the trial court on May 18, 1967 at the request of the defendant.
A trial date was later set for January 15, 1968 and then reset for May 6, 1968. On May 3, 1968, the state, by written motion for continuance, represented to the trial judge that one of its principal witnesses was out of the country and would not return until after June 1, 1968. The motion stated that the trial set for January 15, 1968 was taken off the [trial] calendar on January 12, 1968 "at both the request of the state and the defendant and reset for May 6th." It also alleged that the defendant would not be prejudiced since he was then serving a term of five years in the state penitentiary. The motion for continuance was granted and the record reflects no objections on the part of the defendant. The actual trial commenced on July 24, 1968. After both sides announced *139 they were ready to proceed, the defendant moved for a judgment of acquittal based on the alleged failure of the state to provide him with a speedy trial. This appears to be the first time the defendant made any demand for a speedy trial. The motion was denied and the jury returned a verdict of guilty on July 26, 1968. This appeal followed.
We find that the defendant, who was not present when his case was called for trial on January 23, 1967 and who suffered an estreature of his bail bond on that date, has no standing to complain of a denial of a speedy trial as of that time. If, in fact, he had been denied a speedy trial as of that date he could have asserted his rights in that trial. By leaving the jurisdiction of the court and being absent from the trial set for January 23, 1967, he has waived any rights to claim a denial of a speedy trial as of that time. He only has standing to complain of the state's action after he returned to the jurisdiction of the trial court on May 18, 1967.
"A defendant's rights under a constitutional provision guaranteeing speedy trial, or under statutes implementing that guarantee, are not violated by a delay caused by his own condition, or conduct. * * * An accused cannot take advantage of a delay for which he was responsible, whether caused by action or in action on his part. This is true where delay is caused by his absence from the state, by his becoming a fugitive from justice, or by his failure to appeal for arraignment or trial." [Emphasis added] 21 Am.Jur.2d Criminal Law, § 252. See also State ex. rel. Johnson v. Edwards, Fla.App., 219 So.2d 450.
Turning to the procedure followed by the state after May 18, 1967, the record reflects no objections by the defendant to the state's motion for continuance of May 3, 1968. In State v. Williams, Fla. 1954, 73 So.2d 295, 296, it was stated:
* * * * * *
"Even if the state was the moving party for each continuance, there is no showing that defendant objected. His failure to object under the circumstances should be treated as a waiver. This is all the more true when the statute vests in the trial court some discretion as to granting or denying continuance and there is no showing that his discretion was abused. There is showing that he did not abuse it. Kelly v. State ex rel. Morgan, Fla., 54 So.2d 431. Appellee made no attempt to comply with Section 915.01(1) and did not contest the motions of the State for continuance. * * *"
* * * * * *
We find that there was no denial of a right to a speedy trial for this defendant, under federal or state standards.
The defendant argues finally that the trial court erred in excluding the testimony of three of the five witnesses he desired to call at the time of the trial. The trial judge permitted two of the witnesses to testify but excluded the testimony of three of the witnesses. The defendant asserts that such exclusion was both an abuse of discretion and a deprivation of his right under the Sixth Amendment of the United States Constitution to present witnesses on his behalf.
The trial judge ruled that the defendant had invoked Fla.R.Crim.P. 1.220(e), 33 F.S.A., and that he had thereafter failed to comply with its requirements.
We first find that the trial judge did not palpably abuse the wide discretion which the rule grants him in ruling on such matters. See Cox v. State, Fla.App. 1969, 219 So.2d 762.
The defendant's second argument, the constitutionality of the exclusion, presents an apparent issue of first impression in this State. He first notes that the Sixth Amendment right to offer the testimony of witnesses and to compel their attendance is now applicable to State prosecutions. We agree. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). He thus argues that the exclusion of the *140 witnesses abridged his absolute Sixth Amendment right to present same. He is wrong.
We find that by invoking Rule 1.220(e) the defendant waived any absolute right to call witnesses. Under the terms of the rule if the defendant chooses to do so, he may file an offer to provide the prosecution with a list of all defense witnesses and in return the prosecution is then obligated to provide him with a list of all witnesses it intends to call. In short, the restrictions imposed under Rule 1.220(e) do not come into operation until and unless the defense activates them. Thus, assuming arguendo that the exclusion infringes on an absolute right, the infringement, if any, is brought about solely by the action of the defense. The defendant's remedy at this point lies in demonstrating an abuse of discretion, which he has failed to do.
We further find that even if the witnesses had been permitted to testify the evidence proffered for them would not have changed the outcome of the trial. Accordingly, the conviction is
Affirmed.