HOBSON, Chief Judge.
This is an appeal from appellant’s conviction of the offense of arson after a jury trial in the Hillsborough County Criminal Court of Record. Appellant was sentenced to ten years in the state penitentiary.
On December 5, 1968, appellant filed a Motion for a List of Witnesses, a Motion for a List of Witnesses Upon Whose Evidence the Information is Based,[1] and an Offer to Furnish State With List of Defense Witnesses[2] On December 11, 1968, appellee filed a list of witnesses which included no addresses.
On December 16, 1968, the day before the trial began, appellee filed a list of six additional witnesses, including three addresses. On the same day appellee filed an amended witness list naming two more witnesses with no addresses.
A careful study of the record indicates that appellant was not prejudiced by appellee’s noncompliance with the rule.
*870 We would like to point out, however, that Rule 1.220(e) is mandatory in its direction that once the defendant chooses to set it into motion, the prosecuting attorney shall furnish the required witness list within the specified time. The Florida Rules of Criminal Procedure were promulgated with the intent that they would be complied with. Wé will in the future expect the State to comply with the Florida Rules of Criminal Procedure. The noncompliance thereof could very well require reversal or a new trial at the expense of the taxpayers which could be easily avoided by merely adhering to the rules.
The other points raised by appellant have been carefully considered and we find them to be without merit. Accordingly the judgment is
Affirmed.
MANN and McNULTY, JJ., concur.

. Fla.CrPR 1.220(d), 33 F.S.A.:
“(d) Disclosure of Witnesses Supplying Basis for Charge. It shall not be necessary to endorse on any indictment or information, the names and addresses of the witnesses on whose evidence the same is based, but upon motion of the defendant the court shall order the prosecuting attorney to furnish the names and addresses of such witnesses.”

. Fla.CrPR 1.220(e):
“(e) Exchange of Witness Lists. In addition to, or instead of, the practice described in Rule 1.220(d) when a person is charged with an offense he may at any time after the filing of the indictment or information against him or the affidavit upon which the defendant is to be tried, file in the cause an offer in writing (a copy of which offer shall be furnished to the prosecuting attorney) to furnish to the prosecuting attorney a list of all witnesses with their addresses and whereabouts if known whom the defendant expects to call as defense witnesses at the trial, whereupon, within five days after receipt of same by the prosecuting attorney, or within six days after the mailing of same to the prosecuting attorney, whichever shall be earlier, the prosecuting attorney shall file with the clerk and furnish to the person charged, a list of all witnesses known to the prosecuting attorney to have information which may be relevant to the offense charged, and to any defense of the person charged with respect thereto; and, within five days after the prosecuting attorney files with the clerk and furnishes such list of witnesses to the defendant, or within six days after the mailing of same to the defendant, whichever shall be earlier, the defendant shall file with the clerk and furnish to the prosecuting attorney a list of all witnesses whom the defendant expects to call as defense witnesses at the trial.”