McNULTY, Judge
(concurring specially)-
While I fully concur in the conclusion reached by the majority, I don’t want to leave the impression that I would favor an interpretation of this case as holding that noncompliance with Rule 1.220(e) CrPR, 33 F.S.A. is absolutely fatal to the admissibility of the testimony in question or that admission of such testimony, notwithstanding noncompliance, is ipso facto reversible error. Certainly the rule has its valid purpose and should be strictly followed as we said in Richardson v. State.[1] But because of the finality of a criminal case when jeopardy to an accused attaches justice may require flexibility in its interpretation. In this case, for example, had the court recessed the proceedings and given appellant a reasonable opportunity to call the impeaching rebuttal witness, the admissibility of the questioned testimony would be nonprejudicial. The reversible error, as I see it then, is not that the trial court permitted the testimony objected to but, rather, that no opportunity was afforded appellant to counter any prejudicial effect thereof.
Effective means to enforce Rule 1.-220(e), 33 F.S.A. or to punish noncompliance, can be devised; and they may be diverse. But one of them ought not be to the fatal prejudice of'the people of Florida except in those rare instances when there is no other reasonable or practicable course for a trial judge to follow.

. (Fla.App.1970), 233 So.2d 868, 870.