264 So.2d 106 (1972)
Willie J. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 71-19.
District Court of Appeal of Florida, Fourth District.
June 28, 1972.
Rehearing Denied July 31, 1972.
*107 Walter N. Colbath, Jr., Public Defender, and Charles W. Musgrove, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Thomas L. Brown, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Defendant was convicted of robbery; use of firearm in commission of a felony. He appeals. We reverse. We are again called upon to assess the correctness of a trial court decision made in the exercise of its discretion under Rule 1.220(g), Rules of Criminal Procedure, 33 F.S.A., when faced with a failure of a party to make discovery under Rule 1.220, Rules of Criminal Procedure.
A loan company was robbed at gunpoint of several hundred dollars. Defendant was apprehended nearby and found to be in possession of a sum of money nearly corresponding to that taken. At trial defendant denied guilt and explained with reference to the sum of money found on his person that he had just borrowed same from certain relatives.
Defendant's counsel invoked Rule 1.220(e), Rules of Criminal Procedure, concerning the exchange of witness list and the State tardily responded. The defendant did not furnish a witness list pursuant to the Rule as required.
At trial, pursuant to the State's objection, the trial court summarily refused to permit three of defendant's relatives to testify that they had made the loan to defendant of the sum in question, thereby corroborating his explanation of the condemning circumstance. Little or no inquiry was made by the trial court as to the reasons why the disclosure was not made and no inquiry was made as to the extent of prejudice, if any, to the state or the feasibility of rectifying that prejudice by a recess or continuance or as to any other avenues that might be available to ameliorate the situation. Defendant's counsel represented unto the court that he had not learned of the witnesses until that very day. Defendant had been earlier represented by another attorney and apparently the defendant had told him of the witnesses. There is no showing that defendant knew of any requirement to furnish the witness list or that there had been any intention to trifle with the court or to entrap the state. The decision to exclude appears to have been based upon Williams v. Florida, Fla.App. 1969, 224 So.2d 406, affirmed (1970), 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446. However, that case simply upholds mutual discovery against a claim of compulsory self incrimination. It does not determine the question as to whether defense witnesses can be excluded.
The importance of a defendant's right to call witnesses is recognized in Cacciatore v. State, Fla.App. 1969, 226 So.2d 137, and this provision is too well known to require further elaboration.
It is our view that the administration of the discovery rule in question requires a careful and discerning employment of the court's discretion. It should not be artificially or technically administered, but should be considered in the light of the objective of the whole trial procedure, *108 which is basically to obtain a just decision based upon all of the facts. Hence, we feel, as was suggested in Sheridan v. State, Fla.App. 1971, 258 So.2d 43, that upon the failure of a party to make discovery the court should make a careful inquiry as to why the disclosure was not made, the extent of the prejudice to the other party and the feasibility of rectifying that prejudice by some intermediate procedure. While the rule, 1.220(g), supra, describes the possibility that the court may prohibit witnesses from testifying, we feel that this should be done only under the most compelling circumstances and where the omission can not be otherwise remedied. See also Ramirez v. State, Fla.App. 1970, 241 So.2d 744; Richardson v. State, Fla.App. 1970, 233 So.2d 868, and Richardson v. State, Fla. 1971, 246 So.2d 771.
We are of the opinion, in line with the comments here made and the provisions of Wilson v. State, Fla.App. 1969, 220 So.2d 426, that the judgment must be reversed and the case remanded for a new trial based upon an abuse of discretion.
Finally, we acknowledge that there was eye-witness identification of the defendant as being the perpetrator of the crime. However, defendant denied this under oath and gave other exculpatory testimony. We are not able to say how much weight the convicting jury gave to the coincidence between the amount of money robbed and the amount of money in defendant's pocket. We are of the opinion that it was an incriminating circumstance, which defendant should have had the right to eliminate, if he could, by the testimony of the excluded witnesses. While none can truly say, it is possible that this testimony could have created reasonable doubt and caused the jury to exonerate the defendant. In all events, we are not able to say that the exclusion was harmless error.
Reversed and remanded.
REED, C.J., concurs.
MAGER, J., dissents, with opinion.
MAGER, Judge (dissenting):
I do not disagree with the principles of law set forth in those decisions cited by the majority in support of its reversal; my disagreement lies primarily with the application of these principles.
It is unquestioned that Rule 1.220(g), F.R.Cr.P., vests a wide discretion in the trial judge to determine what action to take in the event there has been a failure to comply with the discovery rules. See Cacciatore v. State, supra. The burden, therefore, rests on an appellant to clearly demonstrate that the trial court palpably abused its discretion in the action ultimately taken. Cacciatore v. State, supra.
A defendant is not required to invoke Section 1.220(e) and make an offer to exchange witness lists; this is strictly a voluntary act on his part. However, once having done so, he renders himself subject to the sanctions contained in paragraph (g) for failure to comply with such exchange. One of the sanctions is to prohibit the party from calling a witness not disclosed.
A similar fact situation occurred in Cacciatore v. State, supra, where the trial court excluded the testimony of three witnesses whose names were not furnished after Rule 1.220(e) was invoked. This action was affirmed by the Third District which held:
"We find that by invoking Rule 1.220(e) the defendant waived any absolute right to call witnesses. Under the terms of the rule if the defendant chooses to do so, he may file an offer to provide the prosecution with a list of all defense witnesses and in return the prosecution is then obligated to provide him with a list of all witnesses it intends to call. In short, the restrictions imposed under Rule 1.220(e) do not come into operation until and unless the defense activates them. Thus, assuming arguendo *109 that the exclusion infringes on an absolute right, the infringement, if any, is brought about solely by the action of the defense. The defendant's remedy at this point lies in demonstrating an abuse of discretion, which he has failed to do."
The conclusion reached by the majority, in my view, conflicts with the holding in Cacciatore. Moreover, aside from the question of failure of the defendant to demonstrate an abuse of discretion, there has been no showing of any prejudice, i.e., that the testimony of the excluded witnesses would have changed the outcome of the trial. The employees of the loan company which was robbed positively identified the defendant as the perpetrator of the offense. Their identification of defendant was made with considerable specificity and particularity; even the gun in defendant's possession at the time of his arrest was similar to the one described by the employees.
The testimony of the witnesses excluded by the trial court and which the defendant proffered related solely to the money found in defendant's possession and sought to corroborate the defendant's claim that he borrowed the money from each of the witnesses who were his relatives. In this similar context, the court found in Cacciatore:
"We further find that even if the witnesses had been permitted to testify the evidence proffered for them would not have changed the outcome of the trial."
It is of little legal consequence what an appellate court would have done had it been the trial court. The issue is whether the trial court, having had the discretion to do what it did, was guilty of a palpable abuse of such discretion. See Pieze v. State, Fla.App. 1971, 243 So.2d 442; see also 2 Fla.Jur. Appeals § 327, p. 683, footnote 1.
I find no abuse and I would affirm.