HALL, Judge.
Lennie Lee Joyner appeals his conviction and sentence for possession of a controlled substance.
Appellant alleges that the trial court erred in denying his motion to suppress the evidence based on lack of probable cause for stop, search, or arrest. We find no merit in this contention and affirm the conviction.
Appellant further alleges that the trial court erred in departing from the recommended guidelines sentence. The sentencing guidelines scoreshéet recommended any nonstate prison sanction. The trial court departed from the recommended sentence and sentenced appellant to two years’ imprisonment.
In sentencing appellant, the trial court filed written reasons justifying its departure.[1] After a careful examination of each of the reasons listed by the trial court, we find that it has failed to list any valid reason which would justify a departure from the recommended guidelines sentence.
Accordingly, we affirm the judgment, but reverse the sentence and remand to the trial court with directions that it sentence appellant within the guidelines.[2]
GRIMES, A.C.J., and SCHOONOVER, J., concur.

. This departure sentence is justified by the facts of this case and the defendant’s criminal history. It is significant that in 1982, the defendant was placed on probation for Burglary of a Structure.... The defendant was subsequently (1983) convicted of Grand Theft and sentenced to Florida State Prison for 15 months. The imposition of sentence included a violation of the defendant’s earlier probation.
The defendant was subsequently (November, 1983) sentenced to Florida State Prison for Possession of a Controlled Substance. The instant offense involves Possession of Cocaine. It is significant that the defendant attempted to avoid arrest by running from the police officers.
The defendant’s personal lifestyle is such that he has a minor child although there is no evidence he is providing support. Additionally, the defendant has already completed a substance abuse program, apparently with little success.

. One may question the wisdom of a guidelines recommendation of nonstate prison sanction for conviction of a third degree felony of a defendant who has already committed two other third degree felonies and one second degree felony within the past three years, but that question is not before us.