485 So.2d 1292 (1986)
Pamela Sue CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2603.
District Court of Appeal of Florida, Fourth District.
January 29, 1986.
On Motion for Rehearing April 16, 1986.
*1293 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Pamela Sue Carter appeals her conviction of second degree murder, raising a number of errors which include evidentiary rulings, jury instructions and failure to grant motions to suppress and for mistrial. For the most part, we find either that appellant's points on appeal are without merit or that the error, if any, was not properly preserved for appeal, and we therefore affirm. Two issues, however, warrant brief discussion.
Appellant and a friend, Diane Brane, were implicated in a stabbing incident resulting in the homicide of which appellant was convicted. Diane Brane was a prostitute, a runaway from a girl's school, a drug user and had been placed on probation for car theft. The versions of the stabbing given by appellant and Brane differed in several important respects. In order to demonstrate that Brane's version was unworthy of belief, appellant's codefendant sought to introduce the testimony of Brane's adoptive father, Max Brane, to the effect that four years previously and in another community Brane had a poor reputation for truth and veracity. The state's objection was sustained upon a finding that testimony concerning Brane's reputation in Indiana four years prior to the trial in Florida was too remote in time and place, especially considering that she was going through changes and maturing from the age of fifteen to her present age of nineteen during that period.
Proffer of the testimony discloses that Max Brane married Diane Brane's mother *1294 in 1971, at which time he adopted Diane. She lived in his house from 1971 to 1975. Thereafter she sometimes lived at home, but otherwise was a runaway or in girl's school until 1979, which was the last time he talked to her. He would testify that her reputation for truthfulness at that time was "[v]ery poor" and "[y]ou couldn't believe anything she said."
Section 90.609, Florida Statutes (1983), provides in relevant part:
A party may attack or support the credibility of a witness, including an accused, by evidence in the form of reputation, except that:
(1) The evidence may refer only to character relating to truthfulness.
Testimony regarding a witness's reputation for truth should not be excluded merely because it concerns his reputation in a different location than that of his residence at the time of trial. As noted in Pitts v. State, 315 So.2d 531, 533 (Fla.2d DCA 1975):
With respect to the locale of the person's reputation, Wigmore on Evidence § 930 states:
"... From the point of view of relevancy, place or locality has no bearing on the present principle. The actual qualities of the man himself must be the same in whatever place he is... ."
Likewise, Jones on Evidence § 26:17 says:
"... If the witness to be discredited has changed his domicile, his reputation at both places may be shown within reasonable limits of time. Reputation at a prior place of residence is not excluded merely because another later domicile has been acquired and a reputation there established.
* * * * * *
"Where it appears that the witness had removed from a community some years before the trial, the impeaching testimony of his former neighbors may be received."
With respect to remoteness in time, the Pitts court found error in excluding testimony where the reputation witness had knowledge of the person's reputation for truth nearly three years prior to trial. And in Peel v. State, 154 So.2d 910 (Fla. 2d DCA 1963), appeal dism., 168 So.2d 148 (Fla. 1964), cert. denied, 380 U.S. 986, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965), testimony regarding the defendant's reputation eighteen months before trial was found to be admissible. Wigmore notes that "[p]rior character is not usable as showing directly that the witness is now speaking truthfully or the reverse; yet prior character is admissible to show present character, and the latter to show the proposition desired." IIIA Wigmore on Evidence § 927 (1970) (emphasis original). However, "the character [evidence] must not be so distant in time as to be void of real probative value in showing present character... ." Id., § 928.
In Alford v. State, 47 Fla. 1, 36 So. 436 (1904), the Florida Supreme Court found admissible testimony by a witness who had lived in the same community as the state's witness several years before as to the reputation of the state's witness for truthfulness at that earlier time. The court recognized that where the person whose character is in issue had in the time period just before trial had a transient lifestyle, "so that he has no fixed and known residence for a time sufficient to make a reputation for truthfulness, resort may be had to evidence of the reputation of such witness at the place of his former residence, and at a time remote from the time of trial." Id. at 437.
The Alford court further stated that "[w]hether testimony as to the character of a witness for truth and veracity is or is not too remote to be competent evidence is to be determined by the trial judge, in the exercise of a reasonable discretion." Id. The issue here is whether the trial judge abused his discretion in excluding the testimony of Max Brane.
The witness had not been in touch with Diane Brane for four years prior to trial, and during the four-year period just prior to that, his contacts with her were sporadic. Additionally, she was at that *1295 time an adolescent undergoing the various physical and psychological changes that accompany the maturing process. Under these circumstances we decline to hold that the trial court's ruling constituted an abuse of discretion, based as it was on remoteness and unreliability of the proffered reputation testimony.
A second issue deserving of mention involves application of rule 3.220(b)(1)(iii), Florida Rules of Criminal Procedure. During trial, just after jury selection, the prosecutor moved to take appellant's fingerprints. Defense counsel's objection was based, in part, upon the premise that taking fingerprints during trial was violative of the rule. On appeal appellant characterizes the prosecutor's action as a discovery violation contending that failure of the trial court to conduct a Richardson v. State, 233 So.2d 868 (Fla. App. 1970), inquiry (first postulated in Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970)) resulted in reversible error. Labels are convenient, but they sometimes mislead by their simplicity. A discovery violation occurs where one is deprived of appropriate notice and the opportunity for counsel to timely address the subject matter of the discovery. Some of these rights are of constitutional dimension, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); most are not. Appellant's constitutional rights were not violated here, since the trial court required that notice be given to counsel and that the fingerprints be taken at a reasonable time and place, thus affording appellant's counsel every opportunity to be present and to participate in the event to the extent necessary to protect appellant's rights and to prepare his case. There was no discovery violation of the dimensions contemplated by Richardson here and thus no reversible error.
In retrospect, appellant complains of her inability to conduct voir dire on the fingerprint issue or to retain her own expert witness. These objections were not voiced to the trial court and are not preserved for our consideration. See Hamilton v. State, 458 So.2d 863 (Fla. 4th DCA 1984).
AFFIRMED.
GLICKSTEIN and HURLEY, JJ., concur.

ON MOTION FOR REHEARING
HERSEY, Chief Judge.
We grant appellant's motion for rehearing to the extent of amending our previous opinion (Carter v. State, 485 So.2d 1292 (Fla. 4th DCA 1986)) to include the following:
We reverse the trial court's imposition of sentence in excess of the sentencing guidelines' recommended range for two reasons. First, the trial judge failed to comply with the requirement of rules 3.701 b.6. and 3.701 d.11., Florida Rules of Criminal Procedure, that written reasons be given for departing from the guidelines. This requirement is not met merely by dictating the reasons into the record at the sentencing hearing. State v. Boynton, 478 So.2d 351 (Fla. 1985).
Second, none of the reasons given by the trial judge constitute "clear and convincing reasons" for departure from the guidelines. Fla.R.Crim.P. 3.701 b.6. Three reasons were stated by the trial judge:
1) The killing was unnecessary.
2) The victim's family has suffered emotionally and financially because of his death.
3) Appellant attempted to evade capture.
In Williams v. State, 471 So.2d 630 (Fla. 1st DCA 1985), a trial court's reason of "`[n]o pretense of moral or legal justification'" was found to be an inadequate basis for departure from the sentencing guidelines. This is equivalent to the trial judge's finding in the present case that the killing was unnecessary.
As to the second reason, the emotional, and often financial, suffering of the victim's family will occur in the vast majority of murder cases. In Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA 1985), *1296 and Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984), this court recognized that factors which are inherent in any crime of a similar nature are not proper reasons for departing from the sentencing guidelines. This is because such factors have already been taken into consideration in determining the guidelines' recommended ranges. We conclude that the suffering of the victim's family is not a proper reason for departing from the guidelines, unless exceptional circumstances are present, such as where family members actually witness the crime. See Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986).
Finally, the fact that a defendant attempts to avoid arrest will not justify a departure from the sentencing guidelines. Joyner v. State, 482 So.2d 596 (Fla. 2d DCA 1986).
We affirm appellant's conviction but reverse her sentence and remand for resentencing in accordance with the guidelines' recommended range.
REVERSE and REMAND.
GLICKSTEIN, J., and HURLEY, DANIEL T.K., Associate Judge, concur.