BARFIELD, Judge.
Thomas Wayne Brown appeals his concurrent three year sentences for burglary, contending that the trial judge’s reason for departing from the recommended guidelines sentence of any nonstate prison sanction was invalid. We reverse.
The trial judge noted on the sentencing guidelines scoresheet the following reason for departure from the recommended sentence: “The thefts in question were for the purpose of or the proceeds used for the purpose of committing a further criminal activity, i.e., the purchase of controlled substances, to-wit: marijuana and cocaine.” The record clearly demonstrates that the trial judge improperly departed from the recommended guideline sentence because the money which was stolen was used to commit “a further criminal activity” for which appellant was neither charged nor convicted.[1] Florida Rule of Criminal Procedure 3.701(d)(ll); Vanover v. State, 498 *1343 So.2d 899 (Fla.1986); Scurry v. State, 489 So.2d 25 (Fla.1986).
The sentences are REVERSED and the case is REMANDED to the trial court for resentencing within the guidelines recommended range. Williams v. State, 492 So.2d 1308 (Fla.1986).
SHIVERS and NIMMONS, JJ., concur.

. Appellant was charged with two counts each of burglary and theft; he negotiated a plea of guilty to the burglary counts in exchange for the nolle prosequi of the theft charges and the State’s promise not to seek sentencing outside the guidelines or recidivist sentencing. We consider that the trial court used the term "theft” in his reason for departure in the broader sense of “crime”, and intended to refer to the crime of burglary for which appellant was convicted. *1343 However, if he intended to refer to the theft charges which had been dropped, his error was compounded.