ON MOTION FOR REHEARING
SMITH, Chief Judge.
Appellant seeks rehearing on this court’s opinion released July 21,1987, alleging that on remand the trial court should have been directed to impose a guidelines sentence as a result of the departure reason having *221 been declared invalid, citing Williams v. State, 492 So.2d 1308 (Fla.1986); Brown v. State, 509 So.2d 1342 (Fla. 1st DCA 1987); and Foister v. State, 510 So.2d 371 (Fla 1st DCA 1987).
Under the facts herein, we disagree that the above cases are controlling. In the present case, unlike the foregoing cases, the trial court relied on a single departure reason which was valid under case law from this court when appellant was sentenced but was later invalidated by the Florida Supreme Court. See Scott v. State, 492 So.2d 448 (Fla. 1st DCA 1986), rev’d., 508 So.2d 335 (Fla.1987). Under such circumstances, on remand, a trial court may depart from the recommended guidelines sentence if a clear and convincing reason is given. Johnson v. State, 503 So.2d 959 (Fla. 1st DCA 1987); Morganti v. State, 510 So.2d 1182 (Fla. 4th DCA 1987) and the cases cited therein. Accordingly, appellant’s motion for rehearing is denied.
In view of the importance of the issue addressed in this opinion and the likelihood that it will continue to recur, we certify to the Supreme Court of Florida the same question as did the Fourth District in Morganti v. State, supra.
REVERSED and REMANDED, and the case is remanded for resentencing.
ERVIN and BOOTH, JJ., concur.