KANNER, Chief Judge.
Appellant was informed against in four counts for violating the state beverage laws and in one count for operating a gambling house. The jury found him guilty, under the four counts, of violating the state beverage laws and not guilty of operating a gambling house. His appeal is from these convictions.
The convictions concerned: count one, possession of moonshine liquor, section 562.451, Florida Statutes, F.S.A.; count two, possession of unstamped beverages, section 562.15; count three, possession of beverages upon which federal tax was unpaid, section 562.18; and count four, concealing beverages with intent to defraud the state of taxes, section 562.32.
Appellant urges two points for reversal of his conviction under the four counts, (1) that the state failed to prove that appellant had actual or constructive knowledge or possession of the alcoholic beverage commonly known as moonshine whiskey found in the back yard area of the building rented by appellant, and (2) that the court erred in failing to instruct the jury that they could only return a verdict on the basis of possession of less than one gallon of alcoholic beverage commonly known as moonshine whiskey.
The state offered the direct evidence that appellant was lessee of a store building in which he operated a poolroom, and that the back yard and its use went with the rental of such building. One gallon jug about one-third full of moonshine whiskey was found in the poolroom of appellant on a couch, partly covered by a cushion. A second jug containing a full gallon of moonshine whiskey was found concealed in a rain barrel filled with water located in the back yard area approximately five feet from the rear door of the building leased by a¡> *84 pellant. Appellant was in the poolroom at the time the officers discovered the moonshine liquor.
The quantity of the alcoholic beverage alleged in each of the four counts to have been involved was one and one-third gallons. It is to he noted that appellant urges only two points for reversal of his convictions, and argument in his brief is limited to these two points, both of which concern only the proposition that the evidence did not establish appellant’s guilt of possessing more than one gallon of moonshine whiskey. He concedes that the evidence did establish that appellant had possession of less than one gallon of moonshine whiskey. These two appeal points can apply only to count one and can concern only the provisions of section 562.451 relating to unlawful possession of moonshine whiskey. This section provides that the unlawful possession of less than one gallon of moonshine whiskey is a misdemeanor and the possession of one gallon or more is a felony. On the other hand, the beverage laws as they apply to the other offenses of which appellant has been found guilty and as delineated in counts two, three, and four have no specific requirement as to quantity but require only that the alcoholic beverage be possessed in any amount by the accused. So it appears that appellant’s points seeking reversal are limited to the conviction under count one and do not apply to the conviction under the other counts.
Appellant’s basis of attack is that the evidence was circumstantial, predicated upon suspicion and supposition. Taking the evidence to be circumstantial, it was sufficient to be submitted to the jury with appropriate instructions. The trial court not only gave an adequate instruction on circumstantial evidence but also at the request of appellant gave an added instruction on the same subject.
It has long been the recognized rule in Florida that where reasonable men may differ as to the existence of facts tending reasonably to prove an ultimate fact or as to inferences to be drawn from conceded facts, the case should be submitted to the jury. Victor v. State, 1939, 141 Fla. 508, 193 So. 762.
As to appellant’s point tw'o, that the court erred in failing to instruct the jury that they could return a verdict only on the basis of possession of less than one gallon of moonshine whiskey, appellant failed to object to any of the instructions given to the jury by the trial court, nor did he request that an instruction be given as outlined in his point two.
Where the record reveals that appellant made no objection to the giving or failure to give any instruction, appellant is precluded from assigning the same as error or ground for appeal. Section 918.10(4), Florida Statutes, F.S.A.; and Febre v. State, 1947, 158 Fla. 853, 30 So.2d 367, 368. Moreover, the jury was specifically charged as to elements necessary for a conviction in terms of the amount of moonshine whiskey required to be in appellant’s possession as applied to the particular offenses charged. The evidence did not require the court to restrict the issue of possession so that the jury could return a verdict only on the basis of possession of less than one gallon of moonshine whiskey.
The evidence is clear that appellant had possession and use of the building and premises within and upon which the moonshine whiskey was found. He was present at the time the moonshine whiskey was found. The whiskey was found under circumstances of concealment, one jug in the poolroom, partly under a cushion on a couch, and a similar jug in a water-filled rain barrel in the back yard, in close proximity to the rear door of the poolroom. And in addition to this evidence of possession, the state offered sufficient evidence for the jury’s consideration as to the other necessary elements constituting the offenses of which appellant was convicted. There were no witnesses offered by appellant and *85 he did not take the witness stand to testify on his own behalf. The evidence introduced created a jury question; the jury was adequately instructed as to the offenses involved, and no harmful error has been made to appear.
Judgment of the trial court is hereby affirmed.
ALLEN and SHANNON, JJ., concur.