243 So.2d 215 (1971)
Alfonso WILLIAMS, and Michael Williams, Appellants,
v.
The STATE of Florida, Appellee.
No. 70-160.
District Court of Appeal of Florida, Third District.
January 19, 1971.
Rehearing Denied February 10, 1971.
Phillip A. Hubbart, Miami, and Marvin J. Emory, Jr., for appellants.
Robert L. Shevin, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
PER CURIAM.
The appellants, defendants below, were convicted of rape and sentenced to imprisonment for a period of 25 years. The victim of the rape, and her male companion, members of the white race, while seated on the beach of the Atlantic Ocean in the vicinity of Baker's Haulover in Dade County in the night time, were attacked by the defendants and two other men. The couple was brutally beaten, and the girl was raped repeatedly.
Upon consideration of the several contentions of the appellants in the light of the record and briefs, we hold no reversible error has been demonstrated, and affirm. The evidence of guilt was ample and compelling. In deciding against the defendants on the issues of identity and alibi the jury acted on substantial competent evidence. Fast v. State, Fla.App. 1967, 193 So.2d 210; Stuckey v. State, Fla.App. 1967, 199 So.2d 137. No error was committed by the trial court in denying motions for mistrial. Where mistrial was sought for claimed improper statements or questions by the state or answers of witnesses, the objections of the defendants thereto were sustained, the claimed objectionable matter was stricken and the jury was instructed by the court to disregard the same. In the occasions presented, mistrial was not required, and no abuse of discretion by the court was shown in the denial thereof. Moreover, the cause should not be reversed for such claimed grounds where, as here, the evidence of guilt was overwhelming. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, 286. The trial court's refusal to give defendants' requested charge on attempted rape was not error in the circumstances of this case. The charges given by the court were adequate and properly tailored to the evidence. In addition to charging on the crime of rape, the court charged the jury on the lesser included offenses of assault with intent to *216 commit rape, and on assault and battery and simple assault. Additionally, there was no objection made at the trial to the ruling of the court refusing the requested charge on attempted rape. Section 918.10(4) Fla. Stat., F.S.A.; Simmons v. State, 151 Fla. 778, 10 So.2d 436; Irvin v. State, Fla. 1953, 66 So.2d 288, 294; Clinton v. State, Fla.App. 1958, 100 So.2d 82, 84.
Judgments affirmed.