PIERCE, Chief Judge.
Appellant Collier Dee Hendricks appeals to this Court from an adverse judgment and sentence to 20 years in the State Prison entered by the Polk County Criminal Court of Record, consequent upon a guilty verdict returned by a jury upon trial of an information charging armed robbery.
The facts adduced at the trial established that on August 10, 1970, at about 8:30 P. M. at the Publix Super Market, No. 36, located in Lakeland, the employees were to-talling up the daily receipts when a man, later identified as appellant Hendricks, aided by the persuasion of a gun, gave a lady cashier employee a note which she immediately turned over to one of the managers who, pursuant to instructions by Hendricks “put the money from the office drawer” into a bag, and then did likewise with “the money from the safe”, aggregating something over $9,000, all belonging to the Supermarket. The employees of the store who were present at the time, including the manager and the cashier aforesaid, testified for the State and positively identified the person perpetrating the holdup and robbery as being Hendricks. The note aforesaid was put in evidence and bore the handwritten instructions: “This is a holdup. I don’t want to kill you, but I will if I have to. Put all the money in a bag fast, and I mean fast”. Hendricks was identified prior to trial as the robber by police photographs examined by the witnesses present at the robbery, by a representative line-up at the jail pending trial, and from a fingerprint on the note.
Hendricks did not take the witness stand in his own behalf and no other witness testified for him. The sufficiency of the evidence to convict was not seriously challenged at the trial, nor is it so challenged here.
The sole point urged here for reversal concerns a colloquy occurring at the trial during redirect examination by prosecutor Martin of state witness Charlene Rowan, the lady cashier, as follows:
“Redirect Examination by Mr. Martin:
Q. Charlene, you mentioned you saw the defendant when he came in Pub-lix. When did you first see the Defendant this morning?
A. When he first came in that office, I saw him. I was sitting, you know, in that library thing we were in; and I could see out the door. And all of a sudden, I looked and said, ‘There he is,’ and everybody looked up.
Q. You identified him as soon as he walked in didn’t you ?
A. Yes.
Q. And you shuddered?
A. (Witness nods).”
The above episode was objected to by counsel for Hendricks, who also moved for mistrial, contending that it was “highly improper” and was a “deliberate attempt * * * to appeal to the sympathies of the jury”. The statements were immediately stricken by the Court and the jury instructed to disregard the same.-
This action by the trial Court was amply sufficient to remove whatever adverse prejudice might have been engendered in the minds of the jury. If error there was, it was harmless and no error was committed by the trial Court in denying the motion *870 for mistrial. No abuse of the trial Court s discretion has been demonstrated here. See Cornelius v. State, Fla.1950, 49 So.2d 332; Kelly v. State, Fla.App.1967, 202 So.2d 901; and Williams v. State, Fla.App.1971, 243 So.2d 215.
The judgment appealed is accordingly—
Affirmed.
LILES and MANN, JJ., concur.