HENDRY, Judge.
Appellant defendant Yancey Morris seeks review of a judgment of conviction for robbery entered after a guilty verdict in a jury trial and the 30 year sentence imposed. For reversal he has presented several points, but only his argument concerning denial of a speedy trial merits discussion.
Morris was arrested and informed against prior to the effective date of Rule 3.191, CrPR, In re Florida Rules of Criminal Procedure, 33 F.S.A., Fla. 1971, 245 So.2d 33. He contends that the 60 day rule, rather than the 180 day rule, governs so that he should be discharged. Rule 3.191 (a)(1), (2) CrPR.
 Appellant is thrust upon the horns of a dilemma. First, assuming that his motion for a speedy trial filed on April 8, 1971, was insufficient to constitute a valid demand for speedy trial, then under Rule 3.191 (i) (2) his trial on June 21, 1971 was well within the 180 day limit from the March 1, 1971 effective date of that rule. Secondly, assuming that his speedy trial demand was sufficient, nevertheless, he is not entitled to discharge for failure to file a valid written motion for discharge; in fact the written motion for discharge was not *100 made until July 14, 1971, about 20 days after his conviction and sentence. Gossett v. Hanlon, Fla.App. 1967, 195 So.2d 865, 868; State ex rel Hanks v. Goodman, Fla. 1971, 253 So.2d 129; Rule 3.191(d)(1).
Affirmed.