PER CURIAM.
Defendant-appellant, Willie Joe Gadson, was tried by a jury and convicted of robbery.
On appeal, he contends that the trial court committed reversible error in admitting the testimony of police officers relative to the identification of a recorded statement taken from the defendant’s accomplice.
To support his contention, appellant relies primarily upon Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), wherein the U. S. Supreme Court held that in a joint trial a confession of a codefendant who fails to take the stand cannot be introduced into evidence. The Bruton case can be distinguished factually from the case sub judice in that there is no joint trial, the recorded statement of the defendant’s accomplice was merely identified but not introduced into evidence, and the testimony of police officers, not a confession of a codefendant, is the subject of concern. Therefore, we reject Bruton as binding.
Moreover, where, as in the case sub judice, evidence of guilt is overwhelming, a violation of Bruton is harmless error. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).
We hold that the testimony of the police officers with regard to the identification of the statement taken from defendant’s accomplice, if error, was harmless error in light of the fact that the evidence of guilt was ample and compelling. See Williams v. State, Fla.App. 1971, 243 So.2d 215 and cases cited therein.
No reversible error having been demonstrated, we affirm the judgment of the trial court.
Affirmed.