PER CURIAM.
Appellant was charged by information with one count of possession and one count of the sale of a hallucinogenic drug known as LSD. Following jury trial, a verdict of guilty was rendered, judgment was entered, and he was sentenced to five years on each count, the sentences to run concurrently. This appeal ensued.
Several points are urged for reversal : First, that the trial court erred in not discharging the defendant in the trial court because he was not brought to trial within the provisions of Rule 3.191 CrPR, 33 F. S.A. [the speedy trial rule]. We find no merit in this position because the defendant never brought this contention to the attention of the trial judge by appropriate motion or argument. State v. Earnest, Fla.App. 1972, 265 So.2d 397; Morris v. State, Fla.App. 1972, 267 So.2d 99; Rules 3.191(a)(1), 3.191(d)(1), CrPR.[1]
*138 Next, it is urged that the trial judge erred in certain instructions relative to a reference to a confidential informant by a witness for the State. It is apparent, from a review of the entire trial transcript, that the trial judge committed no error in the instruction he gave to the jury to disregard any reference to any confidential informant. Stewart v. State, Fla.App.1969, 221 So.2d 155; Williams v. State, Fla.App. 1971, 243 So.2d 215.
Lastly, it is urged that it was error to sentence the defendant on both the conviction for possession and sale, when they arose out of the same incident, citing Yost v. State, Fla.App.1971, 243 So.2d 469. The State concurs -yvith the appellant in this position and, therefore, the sentence of five years on the count of possession be and the same is hereby set aside.
In all other respects, the judgments of conviction be and the same are hereby affirmed. The sentence on the sale is affirmed; the sentence on the possession is set aside.

. “(a)(1). Speedy Trial Without Demand.—
Except as otherwise provided by this Rule, every person charged with a crime, by indictment or information or trial affidavit, shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, capital or noncapital, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; # * ff
* * * * *
“(d)(1). Motion for Discharge; Trial; When Timely.—
A motion for discharge shall be timely if filed and served on or after the expiration of the periods of time for trial provided for herein; * * * ”