PER CURIAM.
In order to effect and facilitate the adoption of § 23, Ch. 73-231, Laws of Florida, effective July 1, 1974, amending Fla. Stat. § 39.01(6), F.S.A., and changing the definition of “child” to “any«married or unmarried person under the age of eighteen years, or any person who is charged with a violation of law occurring prior to the time that person reached the age of eighteen years,” the appended rule, as Transition Rule 18, is hereby adopted.
It is so ordered.
ADKINS, C. J., and ROBERTS, Mc-CAIN, DEKLE and OVERTON, JJ., concur.
APPENDIX
TRANSITION RULE 18. TRANSFER OF JUVENILES ON JULY 1, 1974.
(a) Transfer of cases to Juvenile Division. Any person who is under the age of 18 years on July 1, 1974, and who is under a pending charge as an adult in any court of this State with a violation of law occurring prior to the time that person reached the age of 18 years, and which charge has not yet been disposed of (except those charged under Fla.Stat. § 39.02(5) (c) and § 39.09 (2)), shall be transferred to the juvenile division for the circuit in which he was charged and shall thereafter be treated in that case in all respects as a child; provided, however, that in those cases wherein on or before July 1, 1974, there has been a verdict or finding of guilt, or a guilty plea has been entered, or pre-sentence investigation is being awaited, the judge is authorized in his discretion to treat such person as an adult or as a child, and no transfer shall be required; and provided, further, that present probations and paroles, and proceedings upon revocation, are not affected hereby and shall not be transferred.
(b) Speedy Trial. Any person whose case has been transferred under subsection (a) of this Rule and who has not been brought to trial as of July 1, 1974, shall, where there is no demand, be brought to trial within 90 days from the date of such transfer in all cases, unless extended by order of the court upon motion showing good cause, including a crowded docket, notwithstanding the provisions of R.Cr.P. 3.191(f), not to exceed an additional 90 days, but in no event shall trial be later than 180 days from the date the person was originally taken into custody. If demand for a speedy trial is made, a crowded docket may be considered an exceptional circumstance for the purpose of this Rule only.
(c) Information as Petition. Where any person under subsection (a) of this Rule *6 has been charged by information with a violation of the law, the state attorney shall either (1) nolle prosequi the information and transfer such person to the intake section provided by the Department of Health and Rehabilitative Services for proceedings under Fla.Stat. § 39.04, and RJP 8.020, or (2) treat the information as a petition under Fla.Stat. 39.0S, and RJP 8.070, and proceed pursuant thereto.
(d) Confidentiality of Records. Where a transfer has been made pursuant to subsection (a) of this Rule, all information that would be privileged and confidential under Fla.Stat. § 39.12(4), if the proceedings had originally been commenced under Fla.Stat. Ch. 39, F.S.A., shall also be privileged and confidential under this Rule, and all such information shall be expunged from the public record.