336 So.2d 437 (1976)
STATE of Florida, Appellant,
v.
Alexander ROBINSON, Appellee.
No. 75-1506.
District Court of Appeal of Florida, Second District.
July 21, 1976.
Rehearing Denied September 8, 1976.
*438 Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
G. Robert Schultz, St. Petersburg, for appellee.
McNULTY, Chief Judge.
The state appeals from an order discharging appellee under the 90-day juvenile speedy trial rule[1] and dismissing the first *439 degree murder charge against him herein. We reverse.
Appellee turned 18 on July 29, 1974. Thereafter, he was arrested on April 15, 1975 for a murder allegedly committed on January 28, 1974, when he was 17. No indictment or information had been filed at the time of his arrest.
Now, prior to July 1, 1974 the age of majority for purposes of judicial treatment of juveniles was 17.[2] After that date, the dividing age was 18.[3] To facilitate the changeover, the Florida Supreme Court adopted Transition Rule 18[4] which provides in material part as follows:
"Any person who is under the age of 18 years on July 1, 1974, [which would have included appellee who wasn't 18 until July 29, 1974] and who is under a pending charge as an adult in any court of this State with a violation of law occurring prior to the time that person reached the age of 18 years, and which charge has not yet been disposed of (except those charged under Fla. Stat. § 39.02(5)(c) and § 39.09(2)), shall be transferred to the juvenile division for the circuit in which he was charged and shall thereafter be treated in that case in all respects as a child... ." (Italics supplied.)
The pertinent portions of § 39.02(5)(c), F.S. 1973, referred to in Transition Rule 18, read:
"A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court ... unless and until an indictment on such charge is returned by the grand jury, in which event and at which time the court shall be divested of jurisdiction under this statute and the charge shall be made and the child shall be handled in every respect as if he were an adult. ..." (Italics supplied.)
Initially, and this is critical as will be apparent, we interpose to hold here that when speaking of divestiture of "jurisdiction" of "the court" in this section, the legislature (in the light of the adoption in 1972 of the new Article V of our constitution, which consolidated juvenile courts with circuit courts) must necessarily have meant the jurisdiction of the juvenile division of the circuit court. Prior to the new Article V, the language of the predecessor of this section[5] expressly referred to the jurisdiction of the "juvenile court," now non-existent; so when considered properly in context with the entire § 39.02, F.S. 1973 (relating to "jurisdiction"), there being but one court now, the conclusion is inescapable that the present section creates two separate and mutually exclusive jurisdictions within the circuit court  that vested in the juvenile division as it relates to the authority to handle juveniles, and that vested in the circuit court generally as it is exercised over adults.[6]
One other statutory provision is germane, § 39.06(7), F.S. 1973, which provides:
"The jurisdiction of the court shall attach to the child and the case when the summons is served upon the child, a parent, or legal or actual custodian of the child or when the child is taken into custody with or without service of summons and before or after filing of a petition, whichever first occurs, and thereafter the court may control the child and case in accordance with this chapter." (Italics supplied.)
Returning now to the additional operative facts of this case, appellee was never processed as a juvenile after his arrest herein. From the beginning he was processed as an adult. Some four and a half months after his arrest, an indictment was returned and filed fixing the degree of the murder with which he is charged at first degree, a capital offense.
*440 No motion for discharge under any speedy trial rule was made at any time until the day of trial, 178 days after appellee's arrest, when such a motion as provided for under the juvenile rules was made. Construing the aforequoted Transition Rule 18, the trial judge granted the motion finding that appellee, while over 18, should nevertheless have been processed initially as a juvenile, thus being entitled to the benefits of the applicable 90-day speedy trial rule. The court thereupon concluded that, the 90 days having run prior to the filing of the indictment, appellee was entitled to discharge. We cannot agree.
We do agree that reading Transition Rule 18 in pari materia with the aforequoted statutes compels the conclusion that appellee, when arrested, should have been treated as a juvenile until such time as the indictment was returned charging him with the capital felony; and had the juvenile speedy trial rule been invoked the day before the indictment was filed, he may well have been entitled to discharge. But we think the trial judge went astray when he entertained a motion for discharge under the juvenile speedy trial rule when none had been filed prior to the juvenile division having lost jurisdiction. This, under § 39.02(5)(c), supra, occurred immediately upon the filing of the indictment.
A motion for discharge under a speedy trial rule must timely be made; that is to say, it must be made some time prior to trial or prior to some other critical point, such as here, at which the court empowered to grant it would lose jurisdiction to do so.[7] Appellee was under the jurisdiction of the adult division of the circuit court at the time he made his motion for discharge. Moreover, and again pursuant to § 39.02(5)(c), supra, he was to be "handled in every respect as if he were an adult." (Italics supplied.) This includes, we think, amenability to the adult speedy trial rule,[8] viz., a 180-day period, computable from the date of arrest. Under this rule, appellee was not entitled to discharge at the time he made his motion.
In view whereof, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings under the outstanding indictment herein.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] Rule 8.120, R.J.P.
[2] Section 39.01(6), F.S. 1973.
[3] Section 39.01(6), F.S. 1975.
[4] (Fla. 1974), 297 So.2d 5.
[5] Section 39.02(6)(c), F.S. 1971.
[6] See Johnson v. State (Fla. 1975), 314 So.2d 573.
[7] Cf. Schulkin v. State (Fla.App.3d 1973), 287 So.2d 137; Morris v. State (Fla.App.3d, 1972), 267 So.2d 99, cert. denied (Fla. 1973), 275 So.2d 251.
[8] Rule 3.191, RCrP.