CROSS, Judge.
This case reaches us by way of a Certified Question from the Juvenile Division of the Circuit Court of Seminole County pursuant to Fla.App. Rule 4.6. The question certified and set forth in the certificate is as follows:
“Whether a defendant who was seventeen (17) years of age on the date of his arrest, to-wit: May 28, 1974, but was eighteen (18) years old prior to July 1, 1974, should be tried in the Juvenile Division of the Circuit Court having jurisdiction over the crime or should be tried in the Criminal Division of the Circuit Court having jurisdiction over the crime under Supreme Court Transition Rule 18?”
Defendant, Walter Henry Borgen, was charged by information on May 31, 1974, with use of a firearm in commission of a felony, robbery, and with two counts of assault with intent to commit a felony. Borgen was born in 1956, and did not attain the age of eighteen (18) years until June 15, 1974, a few weeks after his arrest. As defendant was only seventeen (17) years of age at the time of his arrest, the criminal division of the circuit court on August 22, 1974, transferred the case to the juvenile division pursuant to Florida Transition Rule 18. The juvenile division, upon motion of the state attorney, returned the case to the criminal division of the circuit court for prosecution of Borgen as an adult on the grounds that he, Borgen, had attained the age of eighteen (18) years prior to July 1, 1974. Subsequently, the criminal division of the circuit court again transferred the prosecution back to the juvenile division, *517 based on the fact that Borgen was seventeen (17) years of age at the time of the commission of the alleged crimes, and therefore possessed the substantive right to be tried by the juvenile division. Hence, the above certified question.
Effective July 1, 1974, § 39.01, Florida Statutes, changed the definition of “child” from a married or unmarried person under seventeen (17) years of age to a person who is either under eighteen (18) years of age or who is charged with a violation of law occurring prior to the time that person reaches the age of eighteen (18) years.
Florida Transition Rule 18, 297 So.2d 5 (Fla.1974), was adopted to effectuate and facilitate the adoption of § 39.01, as amended. It provides as follows:
“(a) Transfer of cases to Juvenile Division. Any person who is under the age of 18 years on July 1,1974, and who is under a pending charge as an adult in any court of this State with a violation of law occurring prior to the time that person reached the age of 18 years, and which charge has not yet been disposed of (except those charged under Fla.Stat. § 39.-02(5)(c) and § 39.09(2)), shall be transferred to the juvenile division for the circuit in which he was charged and shall thereafter be treated in that case in all respects as a child; . . . .” (Emphasis added)
By its terms, Fla.Trans. Rule 18 applies only to persons “under the age of eighteen (18) years on July 1, 1974.” Furthermore, such person must be under a pending charge as an adult arising from violation of law occurring prior to the time that person reached the age of eighteen (18) years.
In the instant case, the record discloses that the defendant was not under the age of eighteen (18) years on July 1, 1974, and therefore did not fall within the transfer provisions of Trans. Rule 18. Under the law as it existed at the time of his arrest, defendant was an adult and therefore was properly before the criminal division of the circuit court. The purported transfer of the case to the juvenile division was not authorized by law, and therefore was ineffective to transfer jurisdiction of the matter.
Accordingly, the certified question is answered that the criminal division of the circuit court has jurisdiction.
Question answered.
ANSTEAD and MOORE, JJ., concur.