ORFINGER, Judge.
Petitioner seeks a writ of prohibition seeking to prevent the trial court from holding a dispositional hearing in this juvenile proceeding. Petitioner contends that the adjudicatory hearing was held after speedy trial had expired, so the court had no jurisdiction to conduct that hearing and consequently has no jurisdiction to sentence petitioner. We issued a rule to show cause directed to the respondent, and further proceedings in the lower court were stayed pursuant to Fla.R.App.P. 9.100(f). We have considered the response and now deny the writ and vacate the stay.
Petitioner T.D.B., age 13, was taken into custody on January 12, 1984, on the charge of aggravated battery in violation of section 784.045(l)(b), Florida Statutes (1983), it being alleged that she stabbed the victim with a switch-blade knife. The petition of delinquency was filed January 30, 1984. Thus, unless extended, the adjudicatory hearing was required to be conducted not later than April 11, 1984. Fla.R.Juv.P. 8.180(a).
On February 15, 1984 the State filed a motion for extension of the speedy trial. The motion does not appear to have been served on the child. The motion made the following representations:
1. That the Child’s father contacted the State Attorney’s Office reference the arraignment date.
2. The father explained that the Child is currently in a residential drug program at Thee Door for six (6) weeks.
3. That part of this program’s requirements is that the Child have no contact with anyone outside of the program.
4. That the father and Child do not intend to employ any counsel and that they wish to have the arraignment scheduled for a date approximately six (6) weeks from the beginning of Thee Door’s program (i.e. February 13, 1984).
5. That the State has no objection and would request that speedy trial be tolled in order to enable the Child to successfully complete this program.
On February 17, 1984, the trial court entered an order extending speedy trial because of petitioner’s participation in Thee Door’s rehabilitative program. Although no date was specified, in the light of the motion, the order can only be read as extending speedy trial for the six week period *236 of the program. On March 26, 1984, exactly six weeks from the time petitioner entered the program, she was arraigned, and trial was set for May 3, 1984. On March 80, 1984 a notice of appearance of counsel was filed, and on April 26, 1984, petitioner’s attorney filed a motion for continuance of the adjudicatory hearing, representing that more time was needed to prepare for trial, and specifically waiving petitioner’s speedy trial rights. The continuance was granted and trial was rescheduled for May 21, 1984. On May 22, 1984, the court entered an order of adjudication, finding that the child had committed the offense of aggravated battery as charged, and withholding adjudication of delinquency pending the dispositional hearing. A motion for new trial was filed and was denied by order on June 6, 1984.
On June 28, 1984, petitioner filed a motion for discharge on speedy trial grounds, alleging that speedy trial had expired on April 12, 1984, [sic] had not been validly extended, and that the adjudicatory hearing was therefore a nullity because it took place after the expiration of the speedy trial period. When the trial court denied the motion for discharge, the petition for writ of prohibition was filed.
What the petitioner seeks to prohibit is the sentencing or dispositional hearing. Clearly a trial court has jurisdiction to enter a dispositional order following an adjudication of delinquency. See, section 39.-09(3) and section 39.11, Florida Statutes (1983), and Florida Rule of Juvenile Procedure 8.190(i) and 8.200. The adjudicatory order has not been appealed and is presumptively valid. A writ of prohibition is not a substitute for appeal.
In Florida, the courts have consistently determined, in accord with the historical understanding and background of the writ of prohibition, that it is meant to be very narrow in scope, to be employed with great caution and utilized only in emergencies. Prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction. It is preventive and not corrective in that it commands the one to whom it is directed not to do the thing which the supervisory court is informed the lower tribunal is about to do. Its purpose is to prevent the doing of something, not to compel the undoing of something already done. It cannot be used to revoke an order already entered.
English v. McCrary, 348 So.2d 293, 296-7 (Fla.1977).
Petitioner, in reality, is attacking the adjudication, so the writ of prohibition is the wrong remedy. Nevertheless, we see no violation of petitioner’s speedy trial rights. A child may voluntarily waive speedy trial. Rule 8.180(c), Fla.R.Juv.P. To assert those rights, a motion for discharge must be timely made and must be made prior to trial. State v. Robinson, 336 So.2d 437 (Fla. 2d DCA 1976). See also, Hillburn v. State, 353 So.2d 185 (Fla. 3d DCA 1977); Morris v. State, 267 So.2d 99 (Fla. 3d DCA 1972). Appearance for and participation in trial without objection on speedy trial grounds is a waiver of any speedy trial violation. See, Robbins v. State, 370 So.2d 420 (Fla. 1st DCA 1979).
The State maintains that in any event, the order extending speedy trial was properly entered, notwithstanding the apparent lack of service of a copy of the motion upon the child. It is the State’s position that because the child had no counsel she requested, through her father, that the State do what was necessary to secure the extension, and since the State’s compliance was at the child’s request, there was a waiver of the hearing requirement. The State suggests that its position is supported by the fact that the child has never repudiated or controverted the allegations of the motion, and that when counsel appeared for her, counsel then formally waived speedy trial. In the light of our determination that, in any event, speedy trial was waived by appearance at trial, we need not address this issue.
WRIT DENIED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.